*Walker* vs. *Keile.* ·

## WALKER *vs.* KEILE.

8  301
127  471

An instrument of writing will not be considered as sealed merely because a scrawl is affixed to the signature of the party, by way of seal. There should be something in the body of the instrument showing that the maker intended it as a deed. The words, "This indenture," will not be considered as expressing such intention.

### ·ERROR to Benton Circuit Court.

MILLER *and* WINSTON, *for Plaintiff.*

The plaintiff in error insists that the deed is insufficient, and ought to have been excluded by the court below.

The bill of exceptions shows the defendant below objected to the reading of the said deed, and that his objection was overruled. As to whether the instrument above referred to is a sealed instrument or not, see Rev. Code, Mo. Laws, p. 118, sec. 3; 3 Mo. Rep., p. 80, and 5 Mo. Rep., p. 281. The evidence offered by the defendant below, of a parole agreement, ought to have been given, if for no other purpose, to mitigate damages. The plaintiff in error moved for a new trial which was refused.

PHELPS, *for Defendant*, insists —

1. That the court erred in permitting the sheriff's deed to be read in evidence.
2. In permitting the transcripts to be read in evidence.
3. In overruling a motion to exclude from the consideration of the jury said deed and said transcripts.
4. In refusing to grant a new trial.

The determination of the two first points settles the case.

The deed (page 8) begins, " This indenture," to which the person executing it has affixed a seal, as appears by the bill of exceptions.

Unless a scrawl was affixed to this instrument by way of seal, the instrument of writing need not be expressed on the face thereof to be sealed. If it was the fact, that it was not sealed, but a scrawl affixed to it, the bill of exceptions should have so stated.

There is no other method to represent the seal on a sealed instrument than the method here adopted. On this point the case of Cartmill *vs.* Hopkins, 2 Mo. Rep., 220, and the case of Boynton *vs.* Reynolds, 3 Mo. Rep., 79, show that this Court will not presume a scrawl was affixed to an instrument described like the one in the bill of exceptions. We therefore contend, there was no error in receiving said deed in evidence.

*Second point,* as regards the transcripts:—They were proved to have been filed with the clerk of the Circuit Court before they were read in evidence.—*Vide* p. 15, (*Vide* transcript, pp. 15–18.) The transcripts all show that executions had been

HARVARD LAW SCHOOL LIBRARY

issued by the justice of the peace, and returned, "No property found to levy on," by the constable.—*Vide* Burk *vs.* Flournoy et al., 4 Mo. Rep., 116; Digest, 364, sec. 19, 250, sec. 4. The sheriff's deed and the transcript having been properly received in evidence, the court did not err in refusing to exclude them from the jury, and in refusing to grant a new trial.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of ejectment brought by Keile against Walker, to recover possession of a tract of land. On the trial Keile had a verdict and judgment, to reverse which Walker has sued out this writ of error.

The land in controversy, it seems, was sold under several executions issued against Walker, and Keile becoming the purchaser, he received an instrument from the sheriff, purporting to be a conveyance of the land. This instrument, in the body of it, was termed an indenture, and had a scroll annexed to the signature of the sheriff, but there was nothing in the body of it by which the scroll was recognized as a seal.

On the trial, this instrument, purporting to be a deed, was read in evidence, to which Walker objected, but his objection was overruled.

The question is, whether this writing, purporting to be a conveyance, should have been rejected as evidence? That a deed from the sheriff is necessary, to convey to a purchaser such a title as will maintain an ejectment, is not questioned by the parties: and where a scroll is annexed, by way of seal to an instrument, that it is necessary to recognize the scroll as a seal in the body of it, in order to give it the force and effect of a sealed instrument, has long since been settled by this Court; Cartmill *vs.* Hopkins, 2 Mo. Rep., 220.

It is contended that the present case is like that of Boynton *vs.* Reynolds, 3 Mo. Reports; and, like that case, it does not appear from the record but that the deed was actually sealed. In the case referred to, the instrument sued on was termed a sealed note, and from the report of it it appears that to the signature of the party sought to be charged there was annexed the word *seal*, included in brackets, thus, [Seal.] Upon these matters appearing upon the record, the court was of the opinion that if the instrument was actually sealed there was no other mode of making the fact appear than that adopted by the clerk.

In the case now before us, there is nothing contained in the record from which the court can infer that the instrument was actually sealed. The instrument is set out, and to it is annexed a scroll, and there is nothing in the body of it from which the court can ascertain that the scroll is recognized as a seal.

We will not say there was no other mode of showing that the instrument was actually sealed, had that been the case, than that employed by the clerk.

It will hardly be contended that calling the instrument an indenture in the body of it is a sufficient recognition of the scroll as a seal.

In cases of this kind parties should be particular, and see that the real character of the instrument appears from the record.

Judgment reversed.