[No. 18015.    Department Two. — November 6, 1892.]

## JOHN E. RAKER, APPELLANT, *v.* JOHN BUCHER, RESPONDENT.

JUDGMENT UPON PLEADINGS—CLERICAL ERROR IN ANSWER—DENIAL OF MOTION.—Where it is evident that the word "when" as used in one of the denials of an answer is a clerical error, and was intended to be "where," it will be so read; and a motion for judgment upon the pleadings based upon such clerical error, which loses its force by the correction of the error is properly denied.

ACTION AGAINST SHERIFF—SELLING PROPERTY WITHOUT NOTICE—EVIDENCE —SHERIFF'S RETURN—ADMISSION OF FALSITY—FINDING AGAINST EVIDENCE.—A sheriff's return upon a writ of execution certifying that he sold the property after due notice is only *prima facie* evidence in his favor in an action against him for selling the property without notice, and the returns may be overcome by only slight evidence *aliunde;* and when it is not disputed that the sheriff has himself admitted the falsity of the return, a finding that its recitals are true, based upon no other evidence than the return itself, cannot be sustained.

APPEAL from a judgment of the Superior Court of Modoc County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Spencer & Raker,* and *C. A. Raker,* for Appellant.

This is an action for a false return, and therefore the return of the sheriff is not conclusive, but is at best only *prima facie* evidence in favor of the officer. (2 Freeman on Executions, 2d ed., sec. 366; *Sanborn* v. *Baker,* 1 Allen, 526; *Baylor* v. *Scott,* 2 Port. 315; *Smith* v. *Emerson,* 43 Pa. St. 456; *Barrett* v. *Copeland,* 18 Vt. 67; 44 Am. Dec. 362; *Splahn* v. *Gillespie,* 48 Ind. 397; *Berkstein* v. *Sammis,* 17 N. Y. Sup. Ct. 585; *Hutchins* v. *Johnson,* 12 Conn. 376; 30 Am. Dec. 622; *Joyner* v. *Miller,* 55 Miss. 208; *Butler* v. *State,* 20 Ind. 169; *Butts* v. *Francis,* 4 Conn. 424; *Watson* v. *Watson,* 6 Conn. 334; *Gyfford* v. *Woodgate,* 11 East, 297; *Weidman* v. *Weitzel,* 13 Serg. & R. 96; *Waymire* v. *State,* 80 Ind. 67; *Whitehead* v. *Keyes,* 3 Allen, 495, 498; 81 Am. Dec. 672; *Browning* v. *Hanford,* 7 Hill, 120; *Buckminster* v. *Applebee,* 8 N. H. 546; 2 Greenleaf on Evidence, sec. 592.)

*D. W. Jenks,* for Respondent.

The sheriff's return was conclusive against plaintiff as well as against the officer. (Freeman on Executions, secs. 364, 365; *Egery* v. *Buchanan,* 5 Cal. 54.) Even if only *prima facie* evidence, the return was sufficient to justify the finding that the notices were posted, and the testimony to the contrary only raised a conflict in the evidence, which precludes its review upon appeal. (*Johnson* v. *Pendleton,* 1 Cal. 132; *Dobinson* v. *McDonald,* 92 Cal. 33.)

DE HAVEN, J.—The defendant as sheriff sold certain real property owned by plaintiff under an execution issued upon a judgment recovered against him. The complaint in this action, which is verified, alleges that this sale was made by defendant without giving the notice required by section 692 of the Code of Civil Procedure, and the plaintiff demands a judgment against the defendant for the statutory penalty of five hundred dollars given by section 693 of the Code of Civil Procedure against an officer for selling property without legal notice, and, also, for the actual damages alleged to have been sustained by him by reason of such wrongful sale. The defendant answered, and the action was tried without a jury, the court finding in substance that the defendant gave the notice required by law before making the sale complained of, and judgment was thereupon entered in favor of defendant. Plaintiff appeals.

1. The court did not err in denying the motion of plaintiff for judgment upon the pleadings. The answer was not evasive, as claimed by plaintiff, it being very evident that the word "when," used in one of the denials relating to the posting of the notices, is a clerical error, the context showing that "where" was the word intended, and with this correction the extremely technical objection to the sufficiency of the answer loses all of its force.

2. The point most strongly urged by the plaintiff for a reversal of the judgment is the insufficiency of the

evidence to justify the finding of the court to the effect that notices of sale were duly posted in the township where the property is situated, and in the township where it was sold, for the length of time required by law.   The only evidence offered by plaintiff for the purpose of showing that such notices were not posted consisted of the testimony of himself and another witness as to verbal admissions made to them by defendant to the effect that he knew that the notices were not posted, and also the testimony of one Merryfield, to whom defendant sent notices of the sale for posting in the township where the property sold is situated.   This witness testified that he thought he received the notices for posting on January 27, 1890, only thirteen days before the sale, but he was not questioned in relation to the grounds of his belief, and he testified to no circumstance enabling him to retain any fixed or definite recollection of the exact date when he received the notices, nor did he profess to be certain as to such date.   This testimony was given about seventeen months after the event and, relating as it did to a matter and date which the witness was not shown to have any particular reason to recollect with entire accuracy, was entitled to but little weight in passing upon the question when the notices were posted. The court below evidently did not regard it as satisfactory, and we need not further consider it.   The only evidence offered by defendant was the writ of execution and his official return thereon, which upon its face showed a sale of plaintiff's property after notice given in the manner and for the length of time required by section 692 of the Code of Civil Procedure.   The precise question thus presented is as to the effect of this return as evidence, and whether the court was justified in finding the facts to be as stated therein, in the face of the evidence of plaintiff in relation to the contrary admissions made by defendant.

In an action against a sheriff for a false return, the return is *prima facie* evidence in favor of the sheriff. (2 Freeman on Executions, sec. 366.)   In the section

just cited Mr. Freeman says: "The better rule is that an action for a false return is not the exclusive remedy when an officer has been guilty of a breach of duty. He may be proceeded against in any other form of action in which such breach of duty is alleged as a ground for damages or for relief; and while his return may be received as evidence in his favor, the plaintiff is at liberty to controvert it if he can." (See also to the same effect, *Whitehead* v. *Keyes*, 3 Allen, 495; 81 Am. Dec. 672; *Barrett* v. *Copeland*, 18 Vt. 67; 44 Am. Dec. 362.) This is an action against the defendant for a breach of official duty, and his official return, showing the manner in which he performed his duty in the manner complained of, is only *prima facie* evidence in his favor; and as the truth of the return is the real question in issue in an action like this, only slight evidence *aliunde* is required to overcome the *prima facie* effect which the law attaches to the return of the officer, and when, as in this case, it is not disputed that the defendant sheriff has himself admitted the falsity of the return, a finding that its recitals are true, based upon no other evidence than the return itself, cannot be sustained. The defendant was called upon, in order to rebut the testimony of plaintiff concerning these admissions, to offer some evidence either in explanation or denial of the admissions, or some independent proof that the notices were posted in the manner stated in the return.

Judgment and order reversed.

FITZGERALD, J., and MCFARLAND, J., concurred.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 5th of December, 1893:

BEATTY, C. J.—In his petition for a rehearing counsel for respondent insists that, in reversing the judgment in this case, we have at the same time reversed without noticing it a former decision of this court upon which he relied and had a right to rely in advising his client

and presenting his case to the trial court; and this supposed grievance is so strongly urged that we feel called upon to point out the fact that it has no existence.

The case to which counsel refers is entitled *Egery* v. *Buchanan* and is reported in 5 Cal. 54. It was cited in support of the proposition that in an action by an execution debtor against a sheriff to recover the statutory penalty and damages for selling land without notice, the sheriff's return on the execution to the effect that he has given notice is conclusive evidence in his favor. It will be seen, however, upon the most cursory examination of the case, that it is not authority for any such proposition.

That was not, like this, an action on the case against the sheriff for damages, but was a summary proceeding by motion in an action between other parties to enforce the penalties prescribed by section 9 of the Act of April 29, 1851—Stats. 1851, p. 191—and all the court was called upon to decide, and all it did decide, was that in that summary proceeding the return of the sheriff (a return of *nulla bona*) was conclusive in his favor. Or, in other words, that the court could not try, upon affidavits, in a collateral proceeding in an action between other parties, issues which were the proper subject of an action against the sheriff in which he could demand, if he chose, a trial by jury. If this is not made plain by the opinion itself, it certainly is made plain by reference to the authorities cited by counsel and referred to by the text-writers named in the opinion of the court.

These decisions—and no doubt many more could be found to the same effect—certainly do establish the doctrine that as against a collateral attack by motion in the action in which the execution issues the return of the sheriff of *nulla bona* is conclusive in his favor; and this is the common law rule which was held to have been unaltered and unaffected by the statute above referred to. But the same decisions which enforce this rule expressly concede that the party injured by the neglect or misconduct of the sheriff has his remedy by action, and

so it was expressly said in *Egery* v. *Buchanan*, 5 Cal. 54,
that the remedy of the plaintiffs was by action for a false
return. The language of the opinion immediately follow-
ing this statement to the effect that a sheriff's return is
not traversable, etc., was used with reference to the pro-
ceeding then under review, and not with reference to an
action against the sheriff. If the court had meant to
say that in an action for a false return the return itself
is conclusive in favor of the sheriff, the remark would
not only have been *obiter*, it would have been absurd.
But it seems to us perfectly apparent that the court
neither meant to say nor did say anything of the kind.
On the contrary, it stated in plain terms that the rem-
edy of plaintiffs was by an action for a false return.

What then is an action for a false return? "False
return" was simply the specific name (probably derived
from the forms of the original writ) for one of the nu-
merous class of actions on the case. It was not an ac-
tion *in rem* for the purpose of canceling or setting aside
the return in order to pave the way for another action
for damages, but was itself an action for damages
founded upon the official misconduct of the sheriff; and
therefore all that the court meant in saying that the
remedy of the plaintiffs was by an action for a false re-
turn was that they must proceed by action, not neces-
sarily in the form of the common law action, but, as
our system of pleading and practice enjoins, by filing a
complaint alleging the facts material to the right of re-
covery. And such is precisely the course which this
plaintiff has pursued. He has proceeded regularly by
action, and his complaint, as it appears to us, contains
every allegation necessary to show his right to recover
the statutory damages for selling land without the legal
notice. (Code Civ. Proc., secs. 692, 693.) There was no
demurrer to his complaint, but an answer taking issue
upon the fact of notice, and this issue was tried in the
superior court as if it was properly raised, all plaintiff's
evidence tending to prove want of notice being received
without objection. If the complaint is in any respect

deficient in substance, the objection should at least have
been taken at the trial before it was too late to amend,
and not having been so taken it ought not now to pre-
vent the granting of a new trial if the issues actually
tried have been found contrary to the evidence.

But we do not see that the complaint is in any respect
deficient. The only objection suggested by the argu-
ment of counsel is that it should, like the declaration in
the common law action for a false return of *nulla bona,*
have alleged the return and its falsity. But the reasons
for putting in those allegations under the common law
practice have no existence under our system, which pro-
vides for but one form of action, in which no facts
need be alleged except those which must be proved. It
was not the return to the writ of *fieri facias* by which
the execution creditor was damaged, but the failure to
make the money which the sheriff might have made by
properly executing it, and the allegations of the return
and its falsity were only necessary to show that the
plaintiff was proceeding in proper form, for there was
one form of procedure by motion, rule, or action where
the writ had not been returned, and another form of
procedure when it had been returned. And when the
return had been made and was true, the proper proced-
ure was by motion, or by action of debt founded on the
return, or in *assumpsit* for money had and received, so
that it was necessary to allege the falsity of the return
when such was the case, in order to show that plaintiff had
commenced the proper action and to avoid a variance.
(See Tidd's Practice and Chitty's Pleadings, *passim.*)

But in this case there was no such necessity. The
plaintiff was damaged, and his cause of action under
the statute complete, as soon as the defendant delivered
a certificate of purchase to the purchaser at the execu-
tion sale, if in fact the sale was without notice. For the
title of the purchaser does not depend on the sheriff's
return, and in the absence of such return the debtor is
obliged either to redeem his land or run the risk of
losing it by proof *aliunde* that the sale was valid.

If these views are well founded counsel will see that a more careful study of his authorities would have made it plain to him, as it seems to us, that we have not on this point made a wide or any " departure from what has been deemed settled rules of law."

As to the other proposition upon which counsel bases his petition for a rehearing, viz., that we have gone contrary to the settled practice of the court in reversing a finding of fact as to which the evidence is conflicting, we have only to remark that the rule he invokes is not that a finding will be sustained whenever there is any evidence, however slight, tending to prove the fact found, but is more correctly stated as follows: A finding, though against the apparent weight of evidence, will not be disturbed if there is a substantial conflict of evidence as to the fact found. In this case we think the conflict is not substantial.

Counsel seem to think that because a sheriff's return is in some cases conclusive, it is therefore to be regarded as of great weight in the cases in which it is merely *prima facie* sufficient to establish the facts stated. But the considerations of policy and convenience upon which the rule is founded, that as between the parties to an action and their privies the return of a sheriff is conclusive, have no application in a suit against him for neglect of official duty. In such cases his return, although *prima facie* evidence in his favor, is essentially weak evidence, and when in the face of positive testimony that subsequent to the making of the return he has distinctly admitted its falsity, he offers neither denial nor explanation of such admissions, the effect of his return as evidence in his favor, is completely overcome, and is not sufficient to sustain a finding that the return is true.

Rehearing denied.

DE HAVEN, J., GAROUTTE, J., MCFARLAND, J., PATERSON, J., and HARRISON, J., concurred.