540:31 LRA422n
35 LRA 771n
35 LRA 849

## L. P. HOGUE

*v.*

## EMMA E. CORBIT.

*Filed at Mt. Vernon June 14, 1895.*

1. PROCESS—*acts done under voidable process binding.* Acts done under erroneous and voidable process are binding, and cannot be successfully assailed except by a direct proceeding.

2. ATTACHMENT—*affidavit, though defective, will give jurisdiction.* An affidavit in attachment which gives names of parties, amount of indebtedness, and states that the defendant conceals himself and that plaintiff does not know his whereabouts, though defective in failing to state the nature of the indebtedness, the place of residence of defendant, or that such place was unknown to plaintiff, or could not, upon diligent inquiry, be learned, is not void, but only voidable, and gives the court jurisdiction of the subject matter of the attachment.

3. SAME—*collateral attack by stranger because of defects in affidavit.* An attack upon the attachment proceedings because of such defective affidavit cannot be made collaterally by a stranger in a subsequent ejectment suit, brought to enforce title derived through the attachment.

4. SAME—*judgment in personam does not quash lien of writ.* A general personal judgment against a defendant in attachment, on personal service, does not operate to quash the lien of the writ obtained by its levy upon lands, though the sheriff, after judgment, endorses another levy on the same land upon the special execution awarded on the judgment. *Wasson v. Cone,* 86 Ill. 46, distinguished.

5. OFFICERS—*presumption that public officers do their duty.* Where the legality of the acts of a public officer are questioned collaterally it will be presumed such officer has done his duty.

6. RETURN—*of sheriff as to levy upon land—what sufficient.* The return of a sheriff stating that he levied a writ of attachment upon certain designated lands, without in terms stating that such lands are the property of the defendant named in the writ, is sufficient.

7. SAME—*failure to return attachment writ until after return day.* Failure of a sheriff to make return of a writ of attachment until after the return day of the writ does not affect the lien of the plaintiff acquired by a levy of such writ upon lands.

8. AMENDMENT—*of record of judgment at subsequent term.* The court may, at a term after rendition of a judgment, on proper notice, make corrections of manifest mistakes of the clerk in making up the record, where there is material in the record to amend by.

APPEAL from the Circuit Court of Union county; the Hon. J. P. ROBARTS, Judge, presiding.

CRAWFORD & DODD, for appellant:

This affidavit totally fails to say one word with reference to the nature of the indebtedness. It also fails entirely to say or intimate where the place of residence of the defendant is, nor does it say that his place of residence is known or unknown, and there is no statement that any inquiry had been made by affiant to ascertain the same. Drake on Attachment, p. 69, sec. 96; Hurd's Stat. sec. 2, chap. 11; *In re Hollinghead,* 6 Wend. 553; *Smith v. Luce,* 14 id. 237; *Clark v. Roberts,* Breese, 285; *Dyer v. Flint,* 21 Ill. 80; *Reitz v. People,* 77 id. 518; *Smith v. Huntoon,* 134 id. 24.

In attachment proceedings the jurisdiction of the court over the *res* or property is a limited jurisdiction, and is called into existence by a strict compliance with the statute; and if the court has no jurisdiction of the property, then a judgment pronounced by it against the property is void, and may be shown to be so in any collateral proceeding. Freeman on Judgments, p. 89, sec. 120; Black on Judgments, sec. 218; Drake on Attachments, p. 61, secs. 88, 89.

When the circuit court rendered a personal judgment only, it operated as fully to quash the attachment and release the property as if the previous motion had been

allowed and a formal order entered.    *Wasson* v. *Cone*, 86 Ill. 46.

KARRAKER & LINGLE, for appellee:

We cite a number of the decisions of this court which fully dispose of the objections urged by appellant: *Durham* v. *Heaton*, 28 Ill. 270; *Phillips* v. *Coffee*, 17 id. 156; *Swiggart* v. *Harber*, 4 Scam. 364; *Riggs* v. *Cook*, 4 Gilm. 336; *Kelley* v. *People*, 115 Ill. 586; *St. Louis Coal Co.* v. *Coal Co.* 111 id. 38.

There are only two ways by which the property can be released: First, by traversing the affidavit by plea, under oath, and a finding thereon in favor of the defendant. (Attachment act, sec. 27.)    Second, by giving bond. (Secs. 14, 15, same act.)

The judgment entry is measured by the entire record, and the affidavit, writ and levy are part of the record. *Haines* v. *People*, 19 Ill. App. 359; *Hawkins* v. *Albright*, 70 id. 90; *Kerr* v. *Swallow*, 33 id. 380.

The lien of attachment is not lost where the judgment is general, and there is an omission to award special execution. *Kingsbury* v. *Buchanan*, 11 Iowa, 381; *Peterson* v. *Foe*, 67 id. 402.

Mr. JUSTICE BAKER delivered the opinion of the court:

This is ejectment for eighty acres of land, prosecuted in the Union circuit court, by Emma E. Corbit, appellee, against L. P. Hogue, appellant.    A trial resulted in judgment for the former, and from that judgment this appeal was taken.

The parties claim from a common source of title—one Edwin W. Thornton.    On November 15, 1887, appellee sued out of said circuit court a writ of attachment against the real and personal estate of said Thornton, returnable to the March term, 1888, of said court.    Upon the same day the sheriff levied the writ upon the land in controversy, and filed a certificate of the levy with the recorder

of the county. At the March term, 1888, the cause was continued. There was personal service on Thornton to the September term, 1888, and he filed pleas. A trial was had at the March term, 1889, upon the issue joined between the parties to the attachment suit, and a judgment was rendered in favor of appellee and against Thornton for $1091.66 and costs. The title of appellee exhibited in this ejectment suit is based on a sale made in satisfaction of that judgment. Appellant relies upon alleged defects in the attachment suit and proceedings, and upon a title which has its origin in a deed from Edwin W. Thornton to his brother, Richard Thornton, which was acknowledged before a notary public on November 18, 1887, and filed for record on that day.

The statute (Rev. Stat. chap 11, sec. 9,) provides that when a writ of attachment is levied on real estate a certificate of the levy shall be filed with the recorder of the county where the land is situated, and that such levy shall take effect, as to creditors and *bona fide* purchasers without notice, from and after the filing of the same, and not before. Here, as we have already seen, the attachment writ in the suit against Edwin W. Thornton was levied on the land and a certificate of the levy filed with the proper recorder on the 15th day of November, 1887, whereas the deed from said Thornton was not filed for record until the 18th day of said November, which was three days after the lien of the attachment levy had become effective.

It is urged, however, that on account of various alleged irregularities and defects in the attachment proceedings the levy in the attachment suit never did become a lien, or, even if it did, was not so availed of in the subsequent proceedings as to accrue to the benefit of appellee by means of the sheriff's deed that was afterwards executed to her. The objections insisted upon in that behalf are quite numerous.

The affidavit for attachment was very manifestly defective, and not in conformity with the requirements of the Attachment act. It did not state the nature of the indebtedness for which the suit was brought, nor did it state either the place of residence of the defendant, or that it was not known, or that the plaintiff, upon diligent inquiry, had not been able to ascertain the same. It did state, however, the names of the parties, the amount of the indebtedness after allowing all just deductions, that the defendant had concealed himself so that process could not be served upon him, and that the plaintiff did not know his whereabouts and post-office address. The statute expressly makes provision for the amendment of affidavits for attachment. Here it is evident that there was an attempt to comply with the requirements of the statute, though some of these were omitted and others defectively stated. The affidavit, under the statute and under the doctrine of *Booth* v. *Rees*, 26 Ill. 45, and other cases, was clearly amendable. The validity of the writ depended upon the validity of the affidavit, and the affidavit, it being amendable, was voidable merely, and not void. (*Bassett* v. *Bratton*, 86 Ill. 152.) The affidavit, the writ and the levy of that writ gave the court jurisdiction over the subject matter of the attachment. A thing that is voidable has force and effect, but in consequence of some inherent quality or defect it is liable, upon proper steps being taken, to be legally annulled or avoided, but the steps to avoid it must be taken by the proper party and by means of a direct attack upon it. Here, Hogue, the appellant, was a stranger to the attachment suit, to the affidavit and the writ that was levied, and to the judgment that the court, with full jurisdiction of both the subject matter and the parties to the litigation, afterwards rendered, and he can not, in this collateral action, call in question and impeach this writ and affidavit, which are not null and void, but endowed with force and vitality. (See *Durham* v. *Heaton*, 28 Ill. 264, and

authorities there cited.)   In the case just named, this court said that acts done under erroneous or voidable process are binding, and cannot be successfully assailed except by a direct proceeding.

It is urged that no valid levy of the attachment writ was made on the land, because neither the levy endorsed on the writ nor the certificate of levy filed states whose property was levied on.   The levy made by the sheriff was as follows :   "By virtue of the within writ of attachment I have levied on the east half of the north-east quarter of section twelve (12), township twelve (12), south, range 1, east of the third principal meridian, Union county, Illinois, November 15, 1887."   The command of the writ to the sheriff was, that he should "attach  *  *  * the estate, real or personal, of the said Edwin W. Thornton" to be found in his county, and the sheriff made return that by virtue of that writ of attachment he had levied on certain designated property.   He had no authority, under the writ, to levy upon any property other than that of said Thornton, and it would have been a violation of official duty, and a tort, for him to have done so.   The rule is, that where the legality of the acts of a public officer are brought collaterally in question he is presumed to have done his duty.   *People* v. *Auditor of Public Accounts*, 2 Scam. 567; *Harlow* v. *Birger*, 30 Ill. 425; *People* v. *Newberry*, 87 id. 41.   And see, also, *Ballance* v. *Underhill*, 3 Scam. 453, *Lieb* v. *Henderson*, 91 Ill. 282, and *People* v. *Walsh*, 96 id. 232.

There is no express requirement in the statute that the return shall state, in terms, that the property levied on is the property of the defendant in attachment.   (Rev. Stat. chap. 11, secs. 8, 9, 10.)   While it is the better practice that it should appear in words, from the return, that the property attached was the property of the defendant or levied upon as his property, yet the omission of such express words would not, at all events in a collateral suit, invalidate a title the basis of which is the levy.

The concluding portion of the endorsement made and signed by the sheriff that appears on the writ of attachment is, "and return Edwin W. Thornton not found in my county, November 15, 1887." The writ was returnable on March 5, 1888. The file-mark shows that it was filed with the clerk on March 8, 1888,—three days after the return day. The return of an officer to process is not simply his endorsement upon it, but is the actual placing of it in the office from which it was issued, and the file-mark of the clerk indicates the date of the return. (*Nelson* v. *Cook*, 19 Ill. 440; *Cariker* v. *Anderson*, 27 id. 358.) We agree with counsel that the date of the file-mark is in this case to be taken to be the date of the sheriff's return, but we do not sustain their contention that because the writ was not returned by the sheriff until after the return day, therefore the levy and the attachment failed. The rule is, where there is no peculiar statute to the contrary, that the failure of the officer to make return on or before the return day will not affect the lien of the plaintiff under the attachment. Drake on Attachment, (7th ed.) sec. 204, and authorities cited in note 3.

The judgment in attachment was rendered at the March term, 1889, and at the succeeding September term of the court, in a proceeding by appellee against Edwin W. Thornton and Hogue, the appellant here, to amend and correct said judgment and the special execution issued thereon, it was ordered that said judgment, as entered of record, should be amended by striking out the word "defendant" and inserting the word "plaintiff," in the next to the last line of the judgment, so that the last lines of said judgment should read as follows: "Ordered, that the plaintiff have a special execution on said judgment." And it was further ordered that the special execution should be corrected by striking out "the eleventh day of March, A. D. 1889," in giving the date of the issuing of the writ of attachment, and by inserting "the fifteenth day of November, A. D. 1887," and by striking out

the word "eleventh" and inserting in the special execution the word "nineteenth," in giving the date of the judgment. The amendments ordered to be made were mere corrections of manifest mistakes and negligences of the clerk of the court in making up the record of the judgment and in issuing final process, and there was ample, even superabundant, material in the record to amend by. The judgment in the attachment suit, as it stood after the amendment substituting "plaintiff" for "defendant" in its last sentence, was, in part, as follows : "Therefore it is considered by the court that the plaintiff do recover a judgment for one thousand ninety-one and $\frac{66}{100}$ dollars damages, together with her costs in and about this suit expended, and she shall have execution therefor. It is ordered that the plaintiff have a special execution on said judgment."

As we understand the last of the claims that is urged by appellant, it is that the judgment was only a general and personal judgment against the defendant, and only became a lien on property of the defendant from and after March 19, 1889,—the date of its rendition; and that since the judgment did not specifically order the sale of the property levied on under the attachment writ, the personal judgment operated to quash the attachment and release the property that had been levied on. This claim is without merit. There was personal service on and appearance by Thornton. In that state of the record the plaintiff was entitled to, and in fact recovered, a judgment *in personam.* The statute (chap. 11, sec. 34,) expressly provides that in such case "execution may issue thereon, not only against the property attached, but other property of the defendant." And in the judgment in question the court, in furtherance of the statute, not only awarded "execution" for the damages and costs, but also made an additional order "that the plaintiff have a special execution on said judgment." Neither the writ of attachment nor the levy thereon was ever quashed.

The attachment was never dissolved, by giving bond or otherwise. The property was never released. The levy still continued to be a lien up to and at the time of the rendition of judgment, and even after final judgment the attachment lien still remained effectual for the purpose of preserving the priority of lien. Such judgment relates back to the levy. *Juilliard & Co.* v. *May*, 130 Ill. 87; *Conn* v. *Caldwell*, 1 Gilm. 531; *Martin* v. *Dryden*, id. 187; *Young* v. *Campbell*, 5 id. 80; *Kerr* v. *Swallow*, 33 Ill. 379.

The case of *Wasson* v. *Cone*, 86 Ill. 46, is not here in point. That was not an attachment suit commenced in a court of record under the provisions of the act approved December 23, 1871, (Laws of 1871-72, p. 176,) but an attachment commenced before a justice of the peace under the provisions of the act in regard to attachments before justices of the peace, approved February 9, 1872, (Laws of 1871-72, p. 185,) and the case was not controlled by section 34 of the act of 1871, but by sections 8 and 11 of the act of 1872, the last of which sections requires that if judgment be given against the defendant, then the justice of the peace "shall order a sale of the property attached, or so much thereof as will satisfy the judgment and all costs of suit." The fact that in the attachment proceeding now in question the sheriff endorsed a levy upon the land on the special execution, neither destroyed nor strengthened the already existing levy and lien. All that was required of him, or that could have force and effect, was that he should carry into execution the mandate of the process that he held.

In the record before us we find no error in the rulings of the circuit court in regard to the admission or exclusion of testimony, or otherwise.

The judgment is affirmed.

*Judgment affirmed.*