[No. 73. First Appellate District.—October 13, 1905.]

## GEORGE W. HOOPER, Respondent, v. JOHN J. McDADE et al., Appellants.

ACTION UPON SHERIFF'S BOND—FALSE RETURN OF SALE—GRAVAMEN—NEGLECT OF DUTY—UNOFFICIAL STATEMENTS NOT INCLUDED IN RETURN.—In an action upon a sheriff's bond for damages incurred by a false return of an order of sale, the gravamen of the action is the neglect of the sheriff to perform an official duty. Any statement or omission in his return not required by his official duty to be stated is no part of his return, and cannot constitute a neglect or breach of duty.

ID.—SALE UNDER FORECLOSURE—SATISFACTION OF JUDGMENT—EXTRA-OFFICIAL FALSE STATEMENT.—Upon a sale under foreclosure it is no part of the duty of the sheriff to state in his report whether the proceeds are insufficient to make the payments directed or the amount of any deficiency; and an extra-official false statement that the order of sale and decree of foreclosure were fully satisfied, made in the report and indorsed upon the order, does not render him liable.

ID.—JUDGMENT CREDITOR NOT CONCLUDED—AMOUNT OF DEFICIENCY.—The judgment creditor is not concluded by such report from having the deficiency computed and docketed against his judgment debtor after the sheriff's return of the writ.

ID.—DUTY OF CLERK—REQUEST OF PARTY INTERESTED.—It is not the duty of the clerk to ascertain and docket the deficiency without any request so to do from the party interested therein.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan, for Appellants.

W. F. Sawyer, for Respondent.

HARRISON, P. J.—The plaintiff seeks by this action to recover damages alleged to have been sustained by reason of the failure on the part of the defendant McDade to perform certain acts as sheriff of the city and county of San Francisco. The other defendants are sureties upon the official bond of McDade.

In an action in the superior court for the city and county of San Francisco for the foreclosure of a mortgage, in which the Western Loan Association was plaintiff and Flavien Vanderveken et al. (including George W. Hooper, the plaintiff herein) were defendants, judgment was rendered that the mortgaged premises be sold by the sheriff, and that out of the proceeds of the sale he pay to the plaintiff the amount found due to it (specifying said amount), and that out of the surplus after making such payment, if any there should be, he should pay to the defendant Hooper the sum of $659.88, or so much thereof as the balance of said surplus would pay; and that if the said balance should be insufficient to pay said

amount to Hooper the sheriff should specify the amount of
such deficiency in his return of said sale, and that the clerk
docket a judgment for such deficiency against the other de-
fendants in the action, and that Hooper have execution there-
for.   An order of sale directed to the sheriff of said city and
county of San Francisco, was delivered to the defendant Mc-
Dade as such sheriff, attached to a copy of said judgment,
in which he was directed to sell the said lands and apply the
proceeds of the said sale "as in said judgment directed," and
to make and file his report of said sale within sixty days after
his receipt thereof, and to do all things according to the terms
and requirements of said judgment and the provisions of the
statute in such case made and provided.   After executing this
order of sale the sheriff returned the same to the clerk of the
court with a report of his doings indorsed thereon, in which
he stated that he had sold the lands for an amount of money
sufficient, after deducting his fees and the expenses of sale,
to pay to the plaintiff the amount directed to be paid to it,
and that he had applied the same "in full satisfaction of the
annexed order of sale and decree of foreclosure as will more
fully appear by the receipt of the plaintiff's attorney in-
dorsed thereon."   Indorsed upon the order of sale was the
receipt of the plaintiff's attorney of this amount of money
"in full satisfaction of the within"; and also a certificate of
the sheriff in the following words, viz.: "I hereby certify
that I have this 17th day of September, 1894, returned the
within order of sale and decree, etc., fully satisfied at the
city and county of San Francisco."

The plaintiff claims that the sheriff, in the report of his
sale of the land, falsely and in violation of his duty as sheriff
certified that he had returned the order of sale fully satisfied;
and that his failure to certify in said return that the pro-
ceeds of the sale were insufficient to satisfy the judgment in
favor of Hooper, and his failure to specify the amount of
such deficiency, were in violation of his duty as such sheriff,
and that by reason thereof no judgment for any deficiency
was docketed against the other defendants; that in January,
1896, one of said defendants became the owner of certain real
property in San Francisco, and that a deed to her therefor
was recorded on February 14, 1896, and that a few days there-
after the property was sold and conveyed by said defendant;

that had the sheriff made a truthful and proper return upon such order of sale, and specified the amount of the deficiency of the proceeds for the payment of the judgment in favor of Hooper, the latter would have had the judgment for such deficiency docketed against said defendants, and would have been able to satisfy the same out of the property subsequently conveyed to one of them as aforesaid; that the said defendants are insolvent; that by reason of the aforesaid violation of his duties as sheriff in making a false return of said order of sale, and in failing to specify the amount of the deficiency judgment, the plaintiff herein has sustained damages to the extent of said judgment. Upon the trial of the case the court held in accordance with the aforesaid claim of the plaintiff, and rendered judgment in his favor for the sum of three hundred and fifty dollars—the value of the land conveyed to and sold by the other defendant in February, 1896. From this judgment the defendant has appealed.

Although this action is styled by counsel an action against the sheriff for a false return, the gravamen of the plaintiff's cause of action is to recover damages sustained by him by reason of the failure or neglect of the sheriff to perform an official duty. (See *Raker* v. *Bucher,* 100 Cal. 214, [34 Pac. 654, 849].) The return of a sheriff to a writ is his official statement of the acts done by him under the writ in obedience to its directions and in conformity with the requirements of law, and must show a compliance with such directions and requirements, or a sufficient reason for any noncompliance either in whole or in part. (Freeman on Executions, sec. 355.) His statement or silence with reference to any fact which his official duties do not require him to make, or his opinion as to the legal effect of his acts, whether correct or erroneous, does not form any part of his return, and will not affect the rights of any party to the action; and if incorrect or erroneous will not constitute a false return. The false return for which a sheriff is liable is one that is false in fact as distinguished from a correct return of the acts actually done by him, though in violation of his duty. (See *Lemit* v. *Mooring,* 8 Ired. (N. C.)312.) The neglect with which the sheriff is charged in this action is his failure to specify in his return of sale the amount of the deficiency of the proceeds thereof to satisfy the judgment of the plaintiff herein. If

the act which he has thus neglected or omitted to perform was a part of his official duty, and the plaintiff has sustained damage by reason of such omission, he and his sureties are liable therefor. If, on the other hand, he was under no obligation to perform the act the plaintiff has no right of recovery. Whether he is liable by reason of his certificate indorsed upon the order of sale that he returned the same fully satisfied, or the statement in his report that by reason of his acts the order of sale and decree of foreclosure were fully satisfied, depends upon whether he was authorized to make such certificate or determination of that question.

The duties of a sheriff are defined in section 4176 of the Political Code to be to '' . . .

''8. Serve all process and notices in the manner provided by law;

''9. Certify under his hand upon process or notices the manner and time of service, or, if he fails to make service, the reasons of his failure, and return the same without delay.''

By section 4175 ''process'' includes all writs, summons, and orders of courts of justice. Section 684 of the Code of Civil Procedure provides: ''When the judgment requires the sale of property, the same may be enforced by a writ reciting such judgment or the material parts thereof, and directing the proper officer to execute the judgment, by making the sale and applying the proceeds in conformity therewith.''

The directions statutory to a sheriff for the execution of an order for the sale of property in satisfaction of a lien thereon and his corresponding authority and duty are not the same as those prescribed for the execution of a money judgment. In the latter case the writ of execution ''must require the sheriff to *satisfy* the judgment'' out of the property of the judgment debtor, and under this direction he has authority to take any property of the debtor within his bailiwick; and by virtue of this fact and his authority to ''satisfy'' the judgment it is held that upon his return that he had ''satisfied'' it he is estopped from disputing the receipt by him of the money called for in the judgment. Under an order of sale like the one in the present case the authority of the sheriff extends only to making a sale of the property therein described, and the payment of the proceeds of said sale ''as in

I Cal. App—47

said judgment directed," and reporting the manner and time of making such sale and payment. Whether by such payment the judgment in favor of those to whom the payment was to be made would be satisfied is to be determined by rules of law applicable thereto, and not by the opinion or statement of the sheriff. It must be held, therefore, that, as he was not clothed with any authority to determine this question, his statement in his report of sale in reference to the satisfaction of the judgment, as well as his similar indorsement on the order of sale, was extra-official, and did not constitute a violation or breach of his official duty, or have any effect on the rights of the parties to the action. It may be added that the statement in his report that he had applied the proceeds of the sale in full satisfaction of the decree of foreclosure "as will more fully appear by the receipt of the plaintiff's attorney indorsed thereon" shows by this reference that he did not intend to include the judgment in favor of Hooper, since the plaintiff's attorney had no authority to acknowledge satisfaction of the judgment in his favor.

There is no statutory provision requiring the sheriff to state in his report whether the proceeds of the sale were insufficient to make the payments therein directed, and if so the amount of such deficiency; and in the absence of such provision his failure to make such statement cannot be regarded as a breach of his official duty. Such fact cannot be ascertained until after he has executed the writ by a sale of the property and made the application of the proceeds thereof, and forms no part of his report of the facts touching the time and manner of its execution. The ascertainment whether there is a deficiency, as well as its amount, is a mere matter of clerical computation to be made after the sheriff has returned the writ, and in the absence of statutory authority cannot be imposed upon him as a part of his ministerial duties in executing the writ.

The failure of the sheriff to state in his report that the proceeds of the sale were insufficient to pay to Hooper any portion of the judgment in his favor, and to specify the amount of such deficiency, did not preclude Hooper from having such deficiency docketed against his judgment debtor. The right of a judgment creditor to have a judgment docketed for a deficiency is not concluded by the sheriff's failure to

state that there is a deficiency if it appears from the facts set forth in his report that such deficiency exists. Nor is the party entitled to a judgment for a deficiency bound by the amount which the sheriff may specify in his return. Even if it be the fact, as stated by the plaintiff in his complaint, that if McDade had specified the deficiency in his return he would have had a judgment therefor docketed against his judgment debtor, it does not follow that it was a part of the sheriff's official duty to specify such deficiency. The plaintiff does not state that such docketing would have been made without his application therefor; and as he knew that he had received none of the proceeds of the sale he was thus informed that there was a deficiency for which he was entitled to have a judgment docketed. There is no provision of law which makes it the duty of the clerk, when the sheriff files the report of his sale showing a deficiency of proceeds, to docket a judgment for such deficiency without any request so to do from the party interested. Section 726 of the Code of Civil Procedure, as it read at the time of these transactions, declared *"If it appear* from the sheriff's return, or from the commissioner's report, that the proceeds are insufficient, and a balance still remains due, judgment must then be docketed . . . for such balance against the defendant or defendants personally liable for the debt, and it becomes a lien on the real estate of such judgment debtor, as in other cases in which execution may be issued." The same provision was contained in section 246 of the old Practice Act; and in *Leviston* v. *Swan,* 33 Cal. 480, the court said: "Of what the judgment in a foreclosure case shall consist is declared in the two hundred and forty-sixth section of the Practice Act. All that it needs or should contain is a statement of the amount due the plaintiff,—the designation of the defendants who are personally liable for the payment of the debt, and a direction that the mortgaged premises, or so much thereof as may be necessary, be sold according to law, and the proceeds applied to the payment of the expenses of the sale, the costs of the action and the debt. Nothing further is required. All else is ministerial and is expressly regulated by the statute, which is not made clearer or more binding by being copied into the judgment. . . . If it appears from his report that the amount due the plaintiff has not been fully paid by the sale the clerk then

dockets the judgment for the balance due against those defendants named in the judgment as being personally liable for the payment of the debt without any order from the court.'' The judgment creditor may at any time present to the clerk or to the court the sheriff's report, showing that it appears therefrom that the judgment has not been fully satisfied, and procure from that officer an entry docketing a judgment for the deficiency. That a deficiency in the present case did exist in favor of Hooper appears upon the face of the sheriff's return when read in connection with the order of sale and the judgment to which it is attached, and it was in the power of the plaintiff at any time after the return was filed to have a judgment therefor docketed. Instead of making an application therefor it appears by his complaint that he did not ascertain the character of the return until nearly eighteen months after it had been filed with the clerk.

The judgment is reversed.

Cooper, J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 13, 1905.