---

(No. 11761.—Judgment affirmed.)
THE PEOPLE *ex rel.* A. C. Jeffrey, County Collector, De-
    fendant in Error, *vs.* FRANK BLOCK *et al.* Plaintiffs in
    Error.

*Opinion filed December 19, 1917.*

1. TAXES—*when jurat to commissioner's affidavit in confirma-
tion proceeding may be signed by notary on application by collector
for judgment.* Where the notary forgot to sign the jurat to the
commissioner's affidavit in the proceeding for the confirmation of a
special assessment, the notary may testify, on application by the
county collector for judgment for the delinquent assessment, that
the commissioner swore to the affidavit, and the court may then
permit the notary to sign the jurat.

2. SAME—*clerical errors in recital of judgment of confirmation
may be corrected on application by county collector for judgment.*
Mere clerical errors in the recitals of the judgment of confirmation
of a special assessment may, upon proper showing, be corrected on
application by the county collector for judgment and order of sale,
where it is clear that the court had jurisdiction to render the judg-
ment of confirmation and did render such judgment.

WRIT OF ERROR to the County Court of Will county;
the Hon. GEORGE J. COWING, Judge, presiding.

FRED MORIARTY, (FRANCIS A. HOOVER, of counsel,) for
plaintiffs in error.

ROBERT W. MARTIN, State's Attorney, and EDWARD R.
NADELHOFFER, City Attorney, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error sued out to reverse a judgment of the county court of Will county against plaintiffs in error's property for a special assessment.

A limited appearance was entered in the county court by plaintiffs in error in the proceeding upon the application of the collector for judgment, and an objection was made to judgment on the ground that the judgment of confirmation of the special assessment was void because the court rendering said judgment was without jurisdiction, and that the county court was without legal authority, for that reason, to enter judgment and order of sale against the plaintiffs in error's lots for the non-payment of the first installment of said special assessment. The judgment of confirmation against plaintiffs in error's property was entered by default April 8, 1916. The petition for confirmation was filed in the county court March 21, 1916. The judgment and order of confirmation recited that the assessment roll was filed March 21, 1916, and on said day notice was properly given, setting out the substance of the notice that confirmation of the assessment would be asked in the county court of Will county *March 21, 1916;* that notice of said application for confirmation was mailed more than fifteen days prior to the time set for the hearing; that the notices required by section 44 of the Local Improvement act were duly published in the *Joliet Evening Herald-News,* an English newspaper of general circulation in Will county, published in the city of Joliet, the first publication being on *April 21, 1916,* more than fifteen days prior to the day set for the confirmation; that like notices were on March 21, 1916, more than fifteen days prior to the time fixed for confirmation, posted in four conspicuous public places in said city, and that the mailing, publishing and posting of said notices as required by law in every respect, gave the court full and complete jurisdiction, and judgment of confirmation was rendered accordingly.

It will be observed the judgment order recites notices were mailed March 21, 1916, that application for confirmation would be made *March 21, 1916,* and that fifteen days had intervened between the mailing of the notices and the date of the hearing; also that the first publication of the notice was *April 21, 1916,* which the judgment recites was fifteen days prior to the time fixed for confirmation.

The affidavit of the commissioner stated the assessment roll and application for confirmation were filed in the county court March 21, 1916; that the notices required by sections 41 and 44 of the Local Improvement act, that confirmation of the assessment would be asked on April 8, 1916, were properly given, setting out facts which showed a compliance with the requirements of the Local Improvement act. This affidavit was signed by the commissioner, but it did not appear from the jurat to the affidavit that it had been sworn to by the commissioner, as the jurat was not signed by any person having authority to administer an oath. On the hearing in this case Catherine Langdon, a notary public, testified the commissioner swore to the affidavit before her March 21 but that through oversight she did not sign her name to the jurat. The court in this proceeding granted leave to her to sign the jurat and affix her seal as notary public. Plaintiffs in error objected to the jurat being signed in this proceeding, and contend that the affidavit was jurisdictional, that the court in this proceeding had no authority to permit the jurat to be signed by the notary public, and that signing it at the time it was signed could not cure the defect in the jurisdiction of the court to render the judgment of confirmation. We think this question decided contrary to plaintiffs in error's contention in *Cox* v. *Stern,* 170 Ill. 442.

The judgment shows on its face that it was rendered April 8, 1916. It correctly recites that notices of the hearing had been mailed March 21, 1916, and that fifteen days had elapsed between that date and the date on which the

judgment was entered. It incorrectly recites that the notice was for a hearing on the application for judgment of confirmation on March 21, 1916, and incorrectly recites that the first publication of notices of the hearing was made April 21, 1916. It is apparent the last two dates mentioned are incorrect and were clerical errors, the result of carelessness of the person who wrote up the judgment. On the hearing of this case the court directed the correction of the two mistakes by inserting April 8, 1916, as the date fixed in the notices for a hearing on the confirmation of the assessment, and March 21, 1916, instead of April 21, 1916, as the date when the first publication was made. The court stated the errors appeared both on the face of the record and from the court's own minutes made at the time, and the clerk was directed to make the record conform to the order of the court. It is objected by plaintiffs in error that the court could not at a subsequent term amend or alter the judgment. As we have said, the judgment shows on its face it was rendered April 8, 1916, and the affidavits of the commissioner and of the publisher of the newspaper in which notice was published, and which were filed before the rendition of judgment of confirmation, show the mailing and publishing of the first notices was March 21, 1916. The minutes of the court relied on, in part, in making the corrections are not in the bill of exceptions. There can be no doubt the court did have jurisdiction, as a matter of fact, to render the judgment of confirmation, and that it did render said judgment is beyond question, but the errors in the recital of the judgment were clerical errors of the person who wrote up the judgment, and the correction of those errors by the court was not erroneous. *Hogue* v. *Corbit,* 156 Ill. 540; *Howell* v. *Morlan,* 78 id. 162; *Metzger* v. *Morley,* 197 id. 208.

The judgment is affirmed.          *Judgment affirmed.*