[Civ. No. 16600. Second Dist., Div. Three. Apr. 15, 1949.]

DANIEL D. FROHMAN, Appellant, v. WILLIAM G. BONELLI, Respondent.

Charles A. Son and Joseph D. Taylor for Appellant.

. Fred N. Howser, Attorney General, Bayard Rhone and William E. James, Deputy Attorneys General, for Respondent.

VALLÉE, J.—This action was commenced February 3, 1945. Summons was issued the same day. The defendant Bonelli was served with a copy of the summons and complaint on January 26, 1948. The affidavit of service was made on the summons on January 27, 1948. No appearance by any of the defendants named in the complaint was made in the three-year period following the commencement of the action. On February 5, 1948, defendant served and filed a notice of motion to dismiss for lack of prosecution. The summons was filed with the clerk on February 6, 1948. The motion to dismiss was granted. Plaintiff appeals from the order of dismissal.

The question to be decided is whether the summons was "served and return thereon made" within three years after the commencement of the action as required by section 581a of the Code of Civil Procedure which so far as apt reads: "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party

interested therein, . . . and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action. . . .'' Appellant says that ''return thereon made'' as used in the statute ''refers to the evidence supplied by the person serving the summons as to his official acts pursuant to the summons,'' relying upon a statement in *Hooper* v. *McDade,* 1 Cal.App. 733 [82 P. 1116], with reference to the return of a sheriff on a writ of execution, in which the court said, page 736: ''The return of a sheriff to a writ is his official statement of the acts done by him under the writ in obedience to its directions and in conformity with the requirements of law, and must show a compliance with such directions and requirements, or a sufficient reason for any noncompliance either in whole or in part. (Freeman on Executions, sec. 355.)'' Respondent says that the words ''return thereon made'' contemplates filing the summons in the office of the clerk from which it issued with evidence of service.

The provisions of section 581a are mandatory. (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118]; *City of San Jose* v. *Wilcox,* 62 Cal.App.2d 224, 227 [144 P.2d 636]; anno., 167 A.L.R. 1095.) In *Vrooman* v. *Li Po Tai,* 113 Cal. 302 [45 P. 470], the action was commenced July 23, 1877. Summons was issued and served the same day. It was filed with the clerk September 26, 1893. At that time the statute (Code Civ. Proc., § 581, subd. 7) read that the action shall be dismissed ''unless summons shall have been issued in one year and served, and return thereon made within three years after the commencement of said action.'' The court held that the statute was mandatory and that the action was properly dismissed because the summons had not been *filed* within three years after the commencement of the action. *Modoc Land etc. Co.* v. *Superior Ct.,* 128 Cal. 255 [60 P. 848], involved an action commenced September 5, 1896. Summons was issued September 4, 1897. It was served August 7, 1899. The officer's certificate of service was made on the summons prior to August 10, 1899. The summons was filed with the clerk September 16, 1899. The court held, page 256: ''There is no substantial difference between this case and the case of *Vrooman* v. *Li Po Tai,* 113 Cal. 302 [45 P. 470]. In that case it was held that under the provisions of section 581 of the Code of Civil Procedure, the failure of the plaintiff to cause *the summons with proof of service thereof to be returned,*

within three years after the commencement of the action, deprived the court of jurisdiction to proceed with the trial of the cause and render judgment therein.'' (Italics added.) In *Grant* v. *McArthur*, 137 Cal. 270 [70 P. 88], the action was commenced January 11, 1897. The summons was served on some defendants in 1897, on one January 5, 1900, and on another January 10, 1900. January 11, 1900, an affidavit of service on the latter was filed with the clerk. The affidavit was not attached to any summons. A copy of the summons was filed January 11, 1900. January 15, 1900, in the language of the court, ''The original summons was for the first time returned and filed.'' An order of the superior court dismissing the action was affirmed.

In *Bellingham Bay L. Co.* v. *Western A. Co.*, 35 Cal.App. 515 [170 P. 632], the action was commenced June 27, 1908. June 19, 1911, the appealing defendant was served with summons. It was not filed. A judgment against the served defendant was reversed with instructions to dismiss the action as to it. *Pearson* v. *Superior Court*, 122 Cal.App. 571 [10 P.2d 489], was a proceeding in mandamus. In the petition for the writ it was alleged that summons was issued January 5, 1927; that it was served on the defendants January 26, 1927; ''that the return of said summons was not made thereto until April 16, 1931.'' The date of the affidavit of service did not appear. The writ was issued compelling dismissal of the action.

The precise point made in the case at bar was not urged in any of the foregoing cases or in any California case to which we have been referred. These cases, however, were decided upon the premise that by ''return thereon made'' is meant the filing of the summons in the office of the clerk together with a statement of what was done in connection with the service thereof.

''Return'' is defined as ''To bring or send back to a tribunal or office, with a certificate of what has been done; to make return of, as a writ.'' (Webster's New Int. Dict. (2d ed.); *Johnson* v. *Hilliard*, 113 Colo. 548 [160 P.2d 386, 389].) Also, as ''to give back; restore,'' and ''In *law*, to bring or send back as a process or other mandate, to the tribunal whence it issued, with a short statement (usually indorsed on the process) by the officer to whom it issued, and who returns it, stating what he has done under it, or why he has done nothing; as, to *return* an execution non est inventus; to *return* a commission with the depositions taken under it. The return is now usually made by filing the paper in the clerk's office,

instead of by presenting it on a general return-day in open court.'' (The Century Dict. & Cyc., vol. VIII.) Black says ''return'' is ''The act of a sheriff, constable, or other ministerial officer, in delivering back to the court a writ, notice, or other paper, which he was required to serve or execute, with a brief account of his doings under the mandate, the time and mode of service or execution, or his failure to accomplish it, as the case may be. Also the indorsement made by the officer upon the writ or other paper, stating what he has done under it, the time and mode of service, etc.'' (Black's Law Dict. (2d ed.), p. 1033.) In *Den* v. *Crawford,* 8 N.J.L. 90, 112, it was said that to return is ''to *come back from him* to whom it was given.''

 Code of Civil Procedure, section 410, in part, provides: ''. . . When the summons is served by the sheriff, a constable, or marshal, it must be returned, with his certificate of its service, and of the service of a copy of the complaint, to the office of the clerk or justice from which it issued. When it is served by any other person, it must be returned to the same place, with the affidavit of such person of its service, and of the service of a copy of the complaint. . . .'' Obviously, ''returned'' is used in the sense of filing with the clerk or justice and not in the sense of the making of a certificate or affidavit of service only.

In *United States* v. *Landrum,* 6 Fed.Cas. 816, 817, the court stated: ''Every process which is issued by a court must be returned, unless some special statute otherwise provides, to the court which issues it. This is essential in order, first, that the court may know that its order has been obeyed; and, second, that the records of the court may be complete. The very term 'return' implies that the process is taken back to the place whence it is issued. A thing delivered by one person to another is not 'returned' when it is delivered to a stranger, and at a place other than the place of original delivery.'' In *Smith* v. *Drake,* 174 Ark. 715 [297 S.W. 817], the court held that ''return'' is the indorsement as to what the officer has done on the writ and filing it with the clerk. In *Arkansas R. G. Co-op. Assn.* v. *Minneapolis-Moline P. I. Co.,* 188 Ark. 187 [65 S.W.2d 913], the court declared, page 915 [65 S.W.2d]: ''It was said, in the case of *Jones* v. *Goodbar,* 60 Ark. [182] 185, 29 S.W. 462, 463, that: 'The bringing back of the writ by the officer, and filing it in the office of the justice or clerk from which it issued, together with this written certificate

of his proceedings under it, indorsed on the writ or upon some paper attached thereto, constitute in law the return of the writ.' '' (See, also, *Clyatt* v. *United States*, 197 U.S. 207 [25 S.Ct. 429, 49 L.Ed. 726, 730, 731]; *State* v. *Melton*, 8 Mo. 301, 302; *Harman* v. *Childress*, 11 Tenn. 261, 263; *Hogue* v. *Corbit*, 156 Ill. 540 [41 N.E. 219, 221, 47 Am.St.Rep. 232]; *Tate* v. *Biggs*, 89 Neb. 195 [130 N.W. 1053, 1054]; *Johnson* v. *Curlee Clothing Co.*, 112 Okla. 220 [240 P. 632, 633]; *State* v. *District Court etc.*, 115 Mont. 521 [146 P.2d 1012, 1014].)

In some of the cases as in *Hooper* v. *McDade, supra,* 1 Cal. App. 733, ''return'' is stated to be an indorsement in writing made on the process or annexed thereto by the officer or person certifying what he has done pursuant to the command of the process or in connection with the service thereof. But in none of those cases that we have examined was there any necessity of determining whether ''return'' included bringing the process back to the court from which it issued, or filing it therein.

A return is the evidence by which the court is informed that the defendant has been given notice to appear in court. (*Smith* v. *Kelly*, 7 N.C. 410, 412; *Bourgeious* v. *Santa Fe Trail Stages*, 43 N.M. 453 [95 P.2d 204, 206].)

In 1933, section 581a was amended (Stats. 1933, p. 1869) by adding the following: ''All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no answer has been filed, if plaintiff fails, or has failed, to have judgment entered within three years after service of summons.'' Appellant argues that this provision conflicts with the provision requiring dismissal unless the summons is served and return thereon made within three years after the commencement of the action. He asserts that under the amendment he would be entitled to judgment against respondent within three years after the date of service on him, January 26, 1948, if respondent should default by failing to answer. He says that if the words ''return thereon made'' include filing the summons with proof of service with the clerk, the three-year period after the service of summons within which the plaintiff must have judgment entered, if no answer is filed, is cut down so that by reason of the failure to return the summons the time within which appellant may take judgment is not three years from service of summons but three years from the commencement of the action. There

is no conflict. The amendment of 1933 did not take away a prior existing ground for dismissal. It created an additional ground. After the amendment the grounds were (1) unless summons is issued within one year, (2) unless the summons is served and return thereon made within three years, and (3) (the amendment of 1933) if summons has been served, and no answer been filed, if plaintiff fails, or has failed to have judgment entered within three years after the service of summons. (*Perry* v. *Dabney,* 76 Cal.App.2d 395, 397 [173 P.2d 62] ; *Schultz* v. *Schultz,* 70 Cal.App.2d 293, 297 [161 P.2d 36].) The amendment merely imposes upon the plaintiff an additional duty to have judgment entered within the prescribed time. The contingencies on which the action must be dismissed are mutually exclusive.

We conclude that the phrase ''all such actions must in like manner be dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action,'' as used in section 581a of the Code of Civil Procedure, means that an action must be dismissed unless the summons is served and filed with the clerk of the court together with the officer's certificate of service, if it was served by an officer, or the affidavit of service of the person who served it, if it was served by any other person, within the three-year period.

Appellant also claims that by making the motion to dismiss respondent appeared generally in the action and thereby cured the failure to return the summons to court. The point is not good. (*Sharpstein* v. *Eels,* 132 Cal. 507, 508 [64 P. 1080] ; *Bellingham Bay L. Co.* v. *Western A. Co.,* 35 Cal.App. 515, 518 [170 P. 632].) A general appearance is made when a party asks any relief that can be given only on the hypothesis that he is properly before the court. (*Lacey* v. *Bertone,* 33 Cal.2d 649, 652 [203 P.2d 755].) An appearance made only for the purpose of moving to dismiss an action on any one of the grounds specified in section 581a is made only on the hypothesis that the party is not properly before the court. It is a special appearance. (*Brock* v. *Fouchy,* 76 Cal.App.2d 363, 370 [172 P.2d 945].) To hold otherwise would emasculate the statute.

Order affirmed.

Shinn, P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 13, 1949. Carter, J., voted for a hearing.