[No. 9994.　Department One. — March 14, 1888.]

JOHN POWERS et al., Respondents, v. MARGARET J. BRALY, Executrix etc. of Marcus Braly, Deceased, et al., Appellants.

Practice — Appearance — Motion to Strike Out — Asking for Extension of Time — Special Appearance. — A defendant by specially appearing by an attorney for the purpose of moving to strike out an amended complaint, and by asking for an extension of time in which to move or plead until the determination of the motion, does not make an appearance, within the meaning of section 1014 of the Code of Civil Procedure, so as to waive the service of the summons and amended complaint.

Id. — Service of Amended Complaint — Summons. — The service of an amended complaint upon a person who is brought in thereby for the first time as a defendant, without a service of the summons upon him, is void.

Id. — Service on Attorney. — The service of an amended complaint upon the attorney for a defendant, prior to his appearance as such, is void as a service on the defendant.

Appeal from a judgment for the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*W. R. Daingerfield,* for Appellants.

The judgment is void, as the defendants never were served with summons, and never appeared. (*Steinbach* v. *Leese,* 27 Cal. 299; *Glidden* v. *Packard,* 28 Cal. 651; *Southern P. R. R.* v. *Superior Court,* 59 Cal. 471.)

*J. B. Hart,* for Respondents.

SEARLS, C. J.—This is an appeal from a final judgment by default in favor of plaintiffs and against all the defendants.

The action was originally brought by John Powers against Margaret J. Braly, to quiet title to a parcel of land, by filing a complaint.

Some time afterward, and without any order or leave of the court, plaintiff filed an amended complaint making Catherine Powers a party plaintiff with himself, and adding William R. Sloan, executor, and Margaret J. Braly, executrix, of Marcus Braly, deceased, as parties defendant.

W. R. Daingerfield, Esq., was the general attorney of the defendants, and of all of them.

The amended complaint was served upon defendant Sloan, and upon Daingerfield as and for defendant Margaret J. Braly.

Two extensions of time were granted by plaintiffs' attorney to Daingerfield to answer.

On the twenty-second day of December, 1882, Daingerfield gave notice that on December 29, 1882, he would move the court to strike out the amended complaint and dismiss the action as to Sloan. This notice specified that Daingerfield *appeared specially*.

On the same day said Daingerfield applied to the court for extension of time for defendants to *move and plead* until it was determined which complaint he should plead to, and on the twenty-third day of December, 1882, the court made an order granting all the defendants until five days "after notice of decision of motion to strike out amended complaint in which to plead."

The notice to strike out was denied on the twenty-third day of January, 1883, and notice thereof served upon Daingerfield the same day.

The summons (if any there was) was never served upon any of the defendants, and never was amended to meet the changes of parties plaintiffs and defendants.

1. The service of the amended complaint was void as to the defendant Sloan, because no service of a summons upon him or his co-defendants was had, and equally void as to defendant Braly, because, at the date of such service, Daingerfield, upon whom it was served, had not appeared as an attorney in the cause.

2. Daingerfield never appeared as an attorney of record in the cause so as to waive service of summons and complaint under section 416 of the Code of Civil Procedure.

"A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him." (Code Civ. Proc., sec. 1014.) None of these things were done.

The appearance of Daingerfield to strike out the amended complaint was special, for that particular purpose, and in no sense a general appearance in the cause; and his asking the court for an extension of time to move or plead, until the motion was disposed of, was an act ancillary to the motion, which neither in letter nor spirit complied with the provision of the code as to an appearance as attorney of record for the defendants.

It follows that there was no waiver of service, and the default of defendants was improperly entered.

The judgment appealed from is reversed, and the cause remanded.

McKINSTRY, J., and PATERSON, J., concurred.