MANUEL GÓMEZ TEJERA, Petitioner and Appellee, *v.* BOARD OF EXAMINERS OF ENGINEERS ETC., Respondent and Appellant.

No. 4879.   Argued November 21, 1929.—Decided February 28, 1930.

*James R. Beverley, Attorney General* and *Felipe Janer, Assistant Attorney General,* for appellant.   *García Méndez & García Méndez,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellee moves us to dismiss this appeal on the ground that the notice of appeal does not bear an internal revenue stamp as required by law, and because the appeal is frivolous.

Act No. 17 of 1915 provides that for each notice of appeal in extraordinary proceedings, such as the mandamus proceeding herein, there must be paid $2 in internal revenue stamps to be affixed upon such notice, and that the notice will be null and void unless the required stamps are attached thereto. On the notice filed by the Board of Examiners of Engineers, Architects and Surveyors no internal revenue stamp was af-

fixed, and hence the question to be decided is whether or not, for that reason its appeal is void and should be dismissed. The appellant board was created by Act No. 31 of 1927 to issue licenses to persons authorized to practice the professions of engineering, architecture, or surveying; the members of the board are appointed by the Governor of Porto Rico with the advise and consent of the Insular Senate; the board is entitled to the services of the Attorney General of Porto Rico in connection with its business; it has an official seal for use on all certificates and licenses issued by it; it has power to collect certain fees; all moneys received by it must be de · posited in the Insular Treasury, in a special fund; and all its expenses must be paid out of said fund on voucher of the Auditor of Porto Rico.

The foregoing shows that the said board is an entity of the Government of Porto Rico and that, therefore, it is not required to cancel any internal revenue stamp as fees, since The People of Porto Rico is not bound to use such stamps. In *López* v. *Insular Police Commission*, 30 P.R.R. 749, it was similarly held that the respondent commission was not bound to affix any internal revenue stamps on a notice of appeal, and we refused to dismiss the appeal for the lack of such a stamp, the case being distinguished from that of *Nazario* v. *Santos, Municipal Judge*, 27 P.R.R. 83, on which the appellee herein relies; and in *Central Victoria* v. *Kramer*, 38 P.R.R. 882, although the question was not passed upon directly—inasmuch as it had not been sufficiently shown that the acts of appellant Kramer were performed by him in his capacity as an officer of the Government of Porto Rico—it clearly appears from the decision that if he acted as such officer he was not bound to affix any internal revenue stamps on his notice of appeal. Therefore, the motion to dismiss herein can not be sustained on that ground.

It is urged that the appeal is frivolous because, before the appellant filed its motion for a change of venue in the lower court, it asked and obtained from that court an extension of

time to file the said motion; a question which is not frivolous, as we shall see later, nor is it so regarded by the appellee, since he argues it extensively in his brief, for which reason we prefer to consider it in connection with the appeal, the more so, since the hearing of the appeal on its merits took place on the same day as the hearing of the motion to dismiss.

The facts of this case are that Manuel Gómez Tejera filed in the District Court of Guayama a petition for a writ of mandamus directed to the Board of Examiners of Engineers, Architects and Surveyors, seeking to compel the said board to issue him a license to practice as an architect, and that after a day was set for the appearance of the respondent to show cause why it should not issue the license requested, the board applied to the District Court of Aguadilla for an extension of 10 days counting from the return day for the sole purpose of filing a motion for a change of venue. The extension applied for was granted, and within the time allowed that motion was filed. Thereupon the petitioner moved that the court retain its jurisdiction on the ground of the convenience of the witnesses, and the court finally entered an order denying the motion for a change of venue, not because the extension was considered as an obstacle to the filing of the said motion, but by reason of the convenience of the witnesses. From that order the respondent has taken the present appeal.

The appellant bases its appeal on the ground that the change of venue lay, as the lower court so admitted, and hence that court could not retain jurisdiction by reason of the convenience of the witnesses, because this question should have been decided by the court of the proper district. The appellant further states that it does not cover in its brief on appeal the question as to whether or not the extension which it requested and obtained resulted in submitting the respondent to the jurisdiction of the District Court of Aguadilla, for the reason that, as the appellant understands that the decision on this point was favorable to it and adverse to the petitioner,

the latter should have appealed from it if he desired that the question be considered and determined by us. On this point the appellant is wrong, because, since that decision denied the motion for a change of venue, it was favorable to the petitioner, even though the grounds therefor should be erroneous; and, further, because, as the decision is now before us, we can consider the merits thereof in order to determine whether or not it may be sustained on any ground which the lower court may have disregarded or erroneously considered. Therefore, we can determine in this appeal the question whether the change of venue requested did not lie because the extension applied for and obtained by the respondent to move for the transfer had the effect of submitting the respondent to the jurisdiction of the District Court of Aguadilla.

There is no question that this proceeding should have been commenced in the District Court of San Juan, because that was the district of the residence of the respondent, and because of the nature of the action instituted. It is likewise beyond question that the respondent was entitled to have the case transferred for trial in the said district court in accordance with section 82 of the Code of Civil Procedure, which provides that if the district in which the action is commenced is not the proper district for the trial thereof, the action may, however, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper district. As the respondent board appeared before the District Court of Aguadilla and applied for an extension of time to file a motion for a change of venue, even though for that purpose only, the question arises as to whether such an application constitutes a general appearance precluding the applicant from thereafter moving for a change of venue to another district. This question must be considered in connection with section 323 of the same code prescribing that a defendant appears in an action when he answers, demurs, or

gives the plaintiff written notice of his appearance, or when an attorney gives notice of the appearance for him.

In *Aparicio Bros.* v. *H. C. Christianson & Co.*, 23 P.R.R. 457, the defendants entered an appearance to dissolve the attachment and substitute a bond, stating that this special appearance should not be considered a general one, and we held that such an appearance, although termed "special," was a general appearance and submitted the defendants to the jurisdiction of the court, citing the case *In re Clarke*, 125 Cal. 388, 392, in which it was said:

"On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. . . . If he appears and asks for any relief which could only be given to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material."

We further said that the authorities seem to hold that the only case of special appearance that exists is one wherein the defendant appears solely to challenge the jurisdiction of the court and that any other appearance in the suit, although called special, does not yield to the intention of the party in avoiding a submission to the jurisdiction; also that an appearance is special when the defendant urges that the court has not acquired jurisdiction over his property as well as when he maintains that it has no jurisdiction over his person. Broadly stated, any action on the part of a defendant, except to object to the jurisdiction over his person, which recognizes the case as in court, will constitute a general appearance. 4 C. J. 1333, section 27; *Hernaiz Targa & Co.* v. *Vivas*, 20 P.R.R. 99; *Ortiz* v. *Gómez*, 21 P.R.R. 480. In the case of *Busó* v. *Borinquen Sugar Co.*, 19 P.R.R. 337, the defendant moved that the plaintiff be ordered to separately state the causes of action in the complaint and that the mov-

ant be granted an extension of time to answer. On the same day it also filed a motion for a change of venue. The extension was granted, but the motion for a change of venue was denied; and this ruling was sustained by us, on the ground that the defendant had submitted to the jurisdiction of the lower court. In *U. S. Casualty Co.* v. *Méndez,* 38 P.R.R. 897, where the defendant had applied for a change of venue after filing a motion to dissolve the attachment upon the giving of a bond, it was held that a denial of the motion was proper inasmuch as the defendant had submitted to the jurisdiction of the trial court.

On the specific question as to the effect of an application for an extension of time, filed before a motion for a change of venue, it has been held that such an application is a recognition of the jurisdiction of the court (4 C. J. 1339, sec. 31, n. 85 (a)), the reason for this rule being that an extension involves a favor which a court can only grant a defendant in an action, and, to ask such a favor of the court, is a submission to the jurisdiction thereof and amounts to a voluntary general appearance, the circumstances showing a waiver of the right to question such jurisdiction. To grant or deny the extension the court must act in the exercise of its jurisdiction. When the defendant appears and asks some relief which can only be granted on the hypothesis that the court has jurisdiction of the cause and the person, it is a submission to the jurisdiction of the court. 2 Encyc. of Pleading & Practice, page 625. It is true that in *Powers* v. *Braly,* 75 Cal. 237, Department One of the Supreme Court of California held that an application for an extension of time is not a general appearance; but in *State ex rel. MacKey* v. *District Court,* 14 Mont. 359, a contrary holding was made and the case of *Powers* v. *Braly, supra,* was cited and disapproved.

For the foregoing reasons, and the respondent having appeared in the suit herein to ask for an extension of time from the District Court of Aguadilla, it admitted the jurisdiction of the court and waived its right to move for a change of

venue to the district of its residence. Inasmuch as the decision appealed from is affirmed on that ground, it is unnecessary for us to consider the other ground advanced, namely, the convenience of the witnesses as justifying the retention of the case for trial in the District Court of Aguadilla.

The order appealed from must be affirmed.