[Civ. No. 12568. First Dist., Div. Two. Jan. 7, 1944.]

CITY OF SAN JOSE, Respondent, v. I. M. WILCOX et al., Defendants; MARTIN FRANKEL, Intervener and Appellant.

James F. Boccardo for Appellant.

Robert E. Cassin, City Attorney, and Archer Bowden for Respondent.

STURTEVANT, J.—The petitioner, Martin Frankel, filed a petition asking that he be permitted to intervene and file an answer and cross-complaint. The request was denied. He then asked a rehearing. Later his request was again denied. From said orders he has appealed.

Some time prior to the 16th day of September, 1931, the plaintiff had granted to the Southern Pacific Company the right to construct a one track railroad over and along certain streets. By the terms of that franchise the railroad would cross The Alameda, one of the streets located in San Jose. That franchise provided that a subway should be constructed in The Alameda under said railroad track and plaintiff

should pay for all damage to property except railroad property. To exercise such right the plaintiff filed a complaint seeking to condemn two parcels of land in San Jose. One parcel was owned by Mr. I. M. Wilcox. It was located on the northeast corner of The Alameda and White Street. The other parcel was owned by Elizabeth and Ellen Morrison. It was located on the west side of Stockton Avenue. The action was commenced September 16, 1931, and the city of San Jose was then given an order to take and did take immediate possession of the properties described in the complaint. Mr. Wilcox and the plaintiff executed a stipulation authorizing the plaintiff to take judgment and fixing the amount of damages to be paid to Mr. Wilcox. That stipulation was executed July 19, 1932. A similar stipulation was executed by the other owners at about the same time. All owners have been paid pursuant to said stipulations; but the petitioner expressly affirms that no summons was returned in the condemnation proceeding. The petitioner is not interested in either of said parcels. April 26, 1932, the construction of the subway was completed. In January, 1936, Louis Frankel bought another parcel. On December 23, 1938, he conveyed it to his son Martin, who is the petitioner herein. Said parcel is located on the north line of West Santa Clara Street and does not touch either of the parcels hereinabove described.

On February 18, 1937, Louis Frankel and Hattie Frankel commenced an action against this plaintiff and others to recover damages. (No. 48851 Records of Santa Clara County.) The allegations of the complaint in that action show that it was commenced for the purpose of recovering the same damages which the petitioner seeks to recover under the answer and cross-complaint which he sought permission to file in this action.

Objecting to the petition herein the plaintiff filed "An Answer of City of San Jose to Petition and Motion of Martin Frankel to Intervene." Therein it alleged, in subdivision 1 of paragraph 4, as follows:

"1. That no further proceedings shall be had in said action, under the provisions of Section 581a of the Code of Civil Procedure, since the summons was not served, and return thereon made, within three years after the commencement of said action."

The plaintiff closed its pleading with a paragraph

in which it alleged: "Upon the hearing of said petition to intervene and said motion, and in support of the foregoing answer, plaintiff offers in evidence all the papers, records, and proceedings in the above entitled action, and in the action of *Frankel* v. *City of San Jose* above mentioned and such further oral and documentary evidence as may be deemed proper." What papers were in fact called to the attention of the trial court the record does not disclose. The trial court denied the motion. If such denial was supported by any one of the objections made by the plaintiff the order of the trial court may not be disturbed. When the record is silent it will be presumed that what ought to have been done was not only done but rightly done. (2 Cal.Jur. 856.) Therefore we may assume that when the records and files in the instant action were produced in evidence they showed that no summons issued, no summons was served, and no summons was returned. And in his brief the petitioner affirms that no summons was returned.

As in our judgment the objection stated in division one of paragraph 4 of said answer is well founded, it will not be necessary for us to discuss any of the other objections. Said division is as follows: "That no further proceedings shall be had in said action, under the provisions of Section 581a of the Code of Civil Procedure, since the summons was not served, and return thereon made, within three years after the commencement of said action."

In 1889 the Code of Civil Procedure was amended by adding subdivision 7 to section 581 thereof. As then enacted said subdivision provided: "And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served, and return thereon made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years." In *Vrooman* v. *Li Po Tai*, 113 Cal. 302 [45 P. 470], the court, Mr. Justice Temple writing the opinion, on page 304 quoted the statute and said: " 'And no action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions

heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued in one year and served, and return thereon made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years.' This provision is very sweeping, and is expressly made applicable to pending suits. It is prohibitory, otherwise it would have no force at all. The courts were already authorized and required to dismiss suits upon motion when there had been culpable failure to prosecute. To hold this statute directory would, therefore, be to repeal it: Then the language could hardly indicate more plainly the intent that it shall be mandatory. Besides being absolute in form it contains a prohibitory clause—'and no further proceedings shall be had therein.' Such a negative cannot be, and never has been, considered as directory merely.'' That decision was rendered in 1896. Since that date said statute has been amended and revised. However nearly every word contained in said statute has been retained. When enacted the numbering given the section was subdivision 7 of section 581. At the present time it appears as section 581a. It is provided in Political Code section 325: ''Where a section or a part of a statute is amended, it is not to be considered as having been repealed and reenacted in the amended form; but the portions which are not altered are to be considered as having been the law from the time when they were enacted, and the new provisions are to be considered as having been enacted at the time of the amendment.'' The decision in the Li Po Tai case has been cited and followed in many cases. In *People* v. *Southern Pacific R. R. Co.*, 17 Cal.App.2d 257 [61 P.2d 1184], it was held that said provisions of said statute were mandatory. In *Cook* v. *Justice's Court*, 16 Cal.App.2d 745 [61 P.2d 357], it was held that said provisions were prohibitory. For a full discussion of the subject see *Wells Fargo & Co.* v. *City & County of S. F.*, ▌(Cal.App.) [144 P.2d 415], filed the 3d day of January, 1944. It follows that when the petitioner asked permission to intervene in said action the trial court had

no jurisdiction to grant the permit and it did not err in denying the same.

The petitioner cites and relies on *Bayle-Lacoste & Co. v. Superior Court,* 46 Cal.App.2d 636 [116 P.2d 458]. It is not helpful. It involved section 583 Code of Civil Procedure. The contents of that section were formerly expressed in section 890, Code of Civil Procedure and were then applicable to justice's courts only. In 1905 it was copied and enacted as section 583 of the Code of Civil Procedure and then became applicable to actions in the superior court. Said section 583 and section 581a are not inconsistent. (*Jackson* v. *De Benedetti,* 39 Cal. App.2d 574, 579 [103 P.2d 990].)

The orders appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.