[Civ. No. 8698.   Third Dist.   June 7, 1956.]

CLAUDIA WALKER, as Administratrix, etc., Appellant, v. STATE OF CALIFORNIA et al., Respondents.

Claudia Walker, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William J. Power, Deputy Attorney General, for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment dismissing the action for failure to have summons issued within one year after the filing of the complaint, as required by section 581a of the Code of Civil Procedure.

On July 26, 1951, appellant's mother commenced this action to recover damages from the state and certain of its officials on the ground that in 1880 the then judge of the Superior Court of Solano County, acting as the agent of the state, fraudulently conspired to, and did, permit her adoption and thereby deprived her of her vested interest in her deceased mother's estate. Appellant's mother alleged that at the time of the adoption she was only two years old, that no guardian ad litem was appointed to represent her

interests and that the required publication of the notice of the proceedings was not made. It was further alleged that the superior court judge, with notice of the vested property rights of appellant's mother, fraudulently permitted her adoption and thereby deprived her of her heritage in violation of her constitutional rights. Appellant's mother sought not only damages for the alleged taking of her property without due process of law but also for personal injuries alleged to have been suffered due to the negligence of her adopting parents. Appellant's mother died July 15, 1952. The summons had not been issued. On October 23, 1953, appellant was appointed the administratrix of her mother's estate and on October 26, 1953, she was substituted as the plaintiff in the present action. She filed an amended complaint wherein she alleged that, due to circumstances beyond her mother's control, she had been unable to file the statutory $500 undertaking required in an action against the state; and that up to the filing of the amended complaint appellant herself had suffered the same disability. (Gov. Code, § 16047.) On October 29, 1953, appellant filed the required statutory bond and had summons issued. Service thereof on respondents was completed on November' 2, 1953. On November 5, 1953, respondents filed a notice of motion to dismiss on the ground that the summons was not issued within one year after the filing of the complaint. Section 581a of the Code of Civil Procedure provides:

"No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on motion of any party interested therein, . . . , unless summons shall have issued within one year, . . . But all such actions may be prosecuted, if appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served; . . ."

Respondent's motion to dismiss was granted on April 23, 1954, and a judgment of dismissal entered. Upon this appeal from such judgment, appellant strenuously argues that the trial court abused its discretion and deprived her of her constitutional rights by dismissing the action. She complains that the trial court did not give proper consideration to the facts that illness, financial difficulties, procrastination of counsel, and other matters prevented an earlier filing of the

required statutory bond and caused the delay in issuance of summons. She also maintains that the one-year period in which a summons must be issued was extended by the death of her mother, by some of the respondents' absences from the state during the period, and by the respondents making the motion to dismiss. She also claims the motion constituted a general appearance within the meaning of the exception contained in section 581a of the Code of Civil Procedure.

Respondents did not make a general appearance. Their notice of motion to dismiss for noncompliance with section 581a expressly stated that it was made for "no other purpose, and without submitting themselves to the jurisdiction of this court." They did not ask any extension of time to plead. However, the following did occur. ▮ We quote from the order of the court: ". . . hearing on said motion to quash was continued at the request of the plaintiff . . . and that defendants' time for pleading to the complaint will expire prior to hearing of said motion, the court of its own motion, and not on the motion of any of the parties . . . hereby extends the time to plead to the complaint. . . ." Under these circumstances, extending the time to plead did not change the special appearance into a general appearance upon the part of respondents. (*Brock* v. *Fouchy*, 76 Cal. App.2d 363, 369-370 [172 P.2d 945].)

Assuming, as claimed by appellant, that some of the respondents were absent from the state during portions of the time between the filing of the complaint and the issuance of summons, this would not excuse the failure to have the summons issued during the statutory time therefor provided. ▮ It is the running of the time for service, and not the running of the time for issuance of the summons, which is tolled by a defendant's departure from the state. (Code Civ. Proc., § 581a.)

▮ None of the reasons advanced by appellant for the failure to have summons issued promptly, such as the illness and death of her mother, lack of funds, and inability to obtain diligent counsel, can serve to prevent dismissal of the action. The statute is mandatory. (*Gonsalves* v. *Bank of America*, 16 Cal.2d 169, 172 [105 P.2d 118]; *Schultz* v. *Superior Court*, 69 Cal.App.2d 530, 532-533 [159 P.2d 417]; *Schultz* v. *Schultz*, 70 Cal.App.2d 293, 296-299 [161 P.2d

36].) The trial court had no discretion in the matter. By statutory command it was compelled to dismiss the action. The judgment is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied July 2, 1956, and appellant's petition for a hearing by the Supreme Court was denied August 1, 1956.