[Civ. No. 19773. First Dist., Div. One. May 19, 1961.]

ROBERT H. PALMER, Petitioner, v. SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents; JOSEPH A. MORAN, Real Party in Interest.

Ropers, Majeski & Kane for Petitioner.

Keith C. Sorenson, District Attorney, and James M. Parmelee, Deputy District Attorney, for Respondents.

Flynn & Rafferty for Real Party in Interest.

TOBRINER, J.— In our judgment a stipulation continuing the hearing on petitioner's motion to dismiss under section 581a of the Code of Civil Procedure does not constitute a general appearance which saves an action from dis-

missal for failure to issue summons under that section. We have therefore concluded that a mandate requiring dismissal of the action should issue in this case.

We set out the chronology of the procedures:

*July 29, 1959*—Moran, real party in interest (plaintiff below), filed an action for damages arising from an auto accident naming petitioner as a defendant.

*August 18, 1960*—No summons having been issued, petitioner prepared, served by mail, and filed with respondent court a notice of motion to dismiss the action pursuant to Code of Civil Procedure section 581a in that Moran failed to procure the issuance of summons within one year of the filing of the complaint. The court set the motion for hearing for September 7, 1960. Movant sought no other relief. Summons has never issued.

*August 31, 1960*—Attorneys for both parties signed, and filed in respondent court, a written stipulation which provided that the hearing on the motion to dismiss the action be continued from September 7, 1960, to September 28, 1960.

*September 7, 1960*—The court entered a minute order granting a continuance pursuant to the stipulation.

*September 28, 1960*—The court heard the parties upon the motion to dismiss. Moran's affidavits alleged that the failure to issue summons emanated from an administrative oversight at Moran's attorneys' office.

*December 9, 1960*—Respondent court denied petitioner's motion to dismiss in a memorandum decision. The court expressed its belief that it had discretion to deny dismissal. It held that relief should not be granted since petitioner was fully aware of the pending action and had, through an insurance adjuster, secured a medical examination of Moran.

Petitioner's request for a writ of mandate rests upon the premises that Code of Civil Procedure section 581a requires a mandatory dismissal of the action and that the stipulation to continue the motion did not constitute a general appearance. We turn to a consideration of each of these.

Code of Civil Procedure section 581a clearly provides for a mandatory dismissal, not a dismissal resting in the discretion of the court. The section reads: "No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced *must be dismissed* by the court in which the same shall have been com-

menced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, *unless summons shall have issued within one year,* and all such actions must be in like manner dismissed, unless the summons shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. . . . A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, constitute a general appearance.'' (As amended Stats. 1955, ch. 1452, § 5, p. 2640; emphasis added.)

The cases hold the statute to be mandatory. Thus the plaintiff in *Walker* v. *State* (1956), 142 Cal.App.2d 123 [297 P.2d 1036], filed her action on July 26, 1951, but summons did not issue until October 29, 1953. After service on November 2, 1953, defendants, on November 5, 1953, asserting that summons did not issue within the designated one-year period, moved to dismiss. In affirming the trial court's order of dismissal, the appellate court said: ''None of the reasons advanced by appellant for the failure to have summons issued promptly, such as the illness and death of her mother, lack of funds, and inability to obtain diligent counsel, can serve to prevent dismissal of the action. The statute is mandatory. [Citations.] The trial court had no discretion in the matter. By statutory command it was compelled to dismiss the action.'' (Pp. 125-126.) Likewise in *Brock* v. *Fouchy* (1946), 76 Cal.App.2d 363 [172 P.2d 945], the court said that ''when no summons has been issued within a year the action must be dismissed, except against those defendants who voluntarily appeared.'' (P. 369.)

While the trial court helpfully explained its reasoning in its memorandum, setting out its reliance upon *Wyoming Pacific Oil Co.* v. *Preston* (1958), 50 Cal.2d 736 [329 P.2d 489], we do not see the application of that case. There defendant concealed himself to avoid service. Not only did the court construe a different portion of the section than that involved here but it passed upon an exception to the application of the provisions of the statute. The statute applies *''except . . .,* no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him.'' (Code Civ. Proc., § 581a; emphasis added.)

We cannot concur in Moran's second position that the dismissal may be avoided upon the ground that petitioner, by joining in a stipulation to continue the hearing of the motion to dismiss, entered a general appearance. Since the 1955 amendment to section 581a of the Code of Civil Procedure provides that any extension of time to plead, after such motion, does not constitute a general appearance, a stipulation to continue the time for hearing such motion could hardly do so.

The 1955 amendment to section 581a obviously intended to codify the rule of certain cases holding that a request for an extension of time to plead, coupled with a motion to dismiss or quash, does not constitute a general appearance. (See *Russell* v. *Landau* (1954), 127 Cal.App.2d 682, 697 [274 P.2d 681]; *Powers* v. *Braly* (1888), 75 Cal. 237, 239 [17 P. 197].)

If the motion to dismiss under section 581a does not constitute an attempt to secure affirmative relief on the merits resulting in a general appearance, a stipulation to continue the hearing date of such motion to dismiss surely cannot compose a general appearance. Obviously the stipulation which leads to an extension of time to plead does not differ in principle from the stipulation which continues the hearing of the motion. The postponement of the argument upon the motion can hardly fall in a different category than the postponement of the pleading on the motion.

The reasoning of *Brock* v. *Fouchy, supra,* 76 Cal.App.2d 363, 370, corroborates this conclusion. The court there held that an order extending time to appear generally applied only in the event that the motion to dismiss specially filed should be denied. The court said: ''In the present case the motion to dismiss and to quash service of summons is based solely upon section 581a without reference to additional relief on the merits. The order extending the time to appear generally, bestows the right to a hearing on the merits conditionally, that is, only in the event that the motion specially filed should be denied.'' If the appearance in *Brock* did not constitute a general appearance, surely the stipulation postponing merely the date of the hearing on the special motion, more removed from the hearing on the merits than the *Brock* order, cannot possibly constitute a general appearance. .

Neither the cases upon which Moran relies nor other earlier decisions construe a stipulation for the continuance of the motion under this section as a general appearance. The rulings in Moran's citations of *Zobel* v. *Zobel* (1907), 151 Cal. 98

[90 P. 191], and *Pfeiffer* v. *Ash* (1949), 92 Cal.App.2d 102 [206 P.2d 438], to the effect that defendants appeared generally there involve different procedural postures.

In *Zobel* defendant appeared at a hearing upon plaintiff's motion to strike defendant's demurrer and answer. He orally requested a continuance of the hearing of *that* motion. Later, alleging a lack of personal service, he moved to set aside a decree in favor of plaintiff. The court held (page 101) that the request for the continuance constituted a general appearance and a submission to the court's jurisdiction since the request could be granted only upon the hypothesis of jurisdiction. The comparable situation in *Pfeiffer* involved a stipulation which requested not only postponement of a trial date but also affirmative relief in that certain real property be deemed attached to the realty that was the subject matter of the litigation.

Earlier cases dealing with the subject matter of general appearance do not specifically apply to the instant stipulation. The court found general appearances in the following situations: a stipulation extending time in which to plead upon the cause of action (*Roth* v. *Superior Court* (1905), 147 Cal. 604 [82 P. 246]); a stipulation granting plaintiff the right to have a judgment entered in his favor at any time (*Cooper* v. *Gordon* (1899), 125 Cal. 296 [57 P. 1006]); a stipulation requesting further time in which to answer (*California etc. Co.* v. *Superior Court* (1910), 13 Cal.App. 65 [108 P. 882]); a request for continuance of the hearing of a motion coupled with relief sought upon the merits (*Miller* v. *Miller* (1943), 57 Cal.App.2d 354, 359 [134 P.2d 292]).

*Roth, Cooper* and *California etc.* were characterized in *Davenport* v. *Superior Court* (1920), 183 Cal. 506 [191 P. 911], as involving situations indicative of defendants' intent, under the circumstances, to appear generally. (*Davenport, supra,* at p. 511.) The court further states that "[a]n act of a defendant by which he intentionally submits himself to the jurisdiction of the court in that action for the purpose of obtaining any ruling or order of the court going to the merits of the case . . . [including stipulations], which may reasonably be construed to imply that the court has, in that action, acquired jurisdiction of the person of the defendant" (*Davenport, supra,* at p. 511), constitutes a general appearance. *Lacey* v. *Bertone* (1949), 33 Cal.2d 649, 651 [203 P.2d 755], recognizes the same principle: that if a party "requests any relief that can be given only on the hypothesis that he is properly

before the court, he thereby submits to the jurisdiction of the court and must necessarily be held to have waived the irregularity of his summons." (See also *Judson* v. *Superior Court* (1942), 21 Cal.2d 11 [129 P.2d 361].)

We deal, here, not in a general appearance or in a request for relief on the merits but in a stipulation continuing a hearing of a motion to dismiss. The principles discussed above and the legislative precept make it plain that such a stipulation does not constitute a general appearance under this section of the statute.

In pursuit of the policy that litigation should not stretch into the infinite, the Legislature has specified that an action must be dismissed unless summons shall have been issued within one year. The Legislature has further expressly stipulated that an extension of time to plead after a motion to dismiss an action so terminated does not constitute a general appearance. To hold that a stipulation to continue the hearing of such a motion, as distinguished from "any extension of time to plead after such motion," becomes a general appearance would be to frustrate the policy and to rend apart the language. This court cannot treat legislative purpose and expression so cavalierly.

We order that a writ of mandate issue commanding the Superior Court of the State of California, in and for the County of San Mateo, to dismiss Action No. 85668 currently pending in said court.

Bray, P. J., and Duniway, J., concurred.