[Civ. No. 22309.   First Dist., Div. One.   Dec. 7, 1964.]

ROBERT J. DRESSER et al., Petitioners, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent; EAST BAY MUNICIPAL UTILITY DISTRICT, Real Party in Interest.

---

Raymond H. Levy, Truman S. Waterman, Milton H. Cohn, Neil J. Christal and Andrew Schneider for Petitioners.

No appearance for Respondent.

Harold Raines, John B. Reilley and Frank E. Howard for Real Party in Interest.

SULLIVAN, P. J.—Petitioners Robert J. Dresser and Norma E. Dresser seek a writ of prohibition restraining the respondent superior court from taking further proceedings against petitioners in the civil action hereafter described or in lieu of such writ a writ of mandate compelling respondent court to dismiss such action. The sole question for our determination is whether the action should be dismissed as to petitioners pursuant to Code of Civil Procedure section 581a upon the ground that the summons was not served and return thereon made within three years after its commencement. We have concluded that it should be dismissed and that a peremptory writ of mandate should issue.

Following is a chronology of the procedural events here

pertinent: On *September 4, 1959,* real party in interest, East Bay Municipal Utility District, a body corporate and politic of the State of California (hereafter referred to as District) commenced in respondent court the civil action in question, an eminent domain proceeding seeking to condemn certain subsurface tunnel easements under some 95 parcels of land for the transmission and distribution of water. Summons issued forthwith. At the time of the commencement of the action the property here in controversy (Parcel 84) was owned by Louis F. Comstock and Melba Jean Comstock, his wife, who were named defendants therein.[1] On the same day, September 4, the District obtained from respondent court an order for immediate possession and use of all property described in its complaint and also recorded in the office of the County Recorder of Contra Costa County a notice of the pendency of the action (*lis pendens*). The latter notice, however, instead of bearing the correct docket number of the proceeding (No. 76290) bore the number 76210. As a result the *lis pendens* was not properly indexed in the county recorder's office so that, petitioners claim, it failed to give notice to any person that the action had been filed against the Comstocks and their property. In addition, it appears that Mr. and Mrs. Comstock, though named defendants in the complaint, through inadvertence were not indexed as such in the county clerk's records.

On *April 12, 1960,* Mr. and Mrs. Comstock filed their answer to the complaint in condemnation. On *September 27, 1963,* petitioners Mr. and Mrs. Dresser, allegedly without knowledge of the condemnation proceedings, purchased Parcel 84 from Mr. and Mrs. Comstock. On *December 9, 1963,* the District dismissed the action as to defendants Mr. and Mrs. Comstock "insofar as their interests relate to Parcel 84, described in the complaints on file herein."

On *December 12, 1963,* and *more than four years after the commencement of the action,* petitioners were served with summons and complaint, together with a copy of the above mentioned order for immediate possession of the property.

---

[1]District's action was brought against Clifford W. Mitchell, Margaret Mitchell, his wife, a large number of defendants purportedly sued by their true names, and other defendants sued by fictitious names—"DOE ONE through DOE FIFTEEN, and ALL PERSONS UNKNOWN claiming any right, title or interest in and to all or some part of the real property sought to be condemned herein, which said rights or claims are not disclosed of record and are unknown to Plaintiff, . . ."

It is conceded that the copies of such documents served on petitioners bore the notice that they were being served in the action as the persons sued therein under the fictitious names of Doe One and Doe Two (Code Civ. Proc., § 474). It is alleged in the petition before us and not denied by the District that at the time petitioners were served no supplemental pleadings had been filed and no order had issued either for bringing in new parties or for bringing in parties whose interests in the property accrued subsequent to the filing of the complaint.

After having obtained various stipulations and orders extending their time to plead, petitioners on *July 6, 1964,* filed in respondent court a ''Notice of Motion and Motion to Quash & Dismiss'' on the ground that summons had not been served on them within ''three years from the date of issuance thereof,'' said motion to be heard on July 20, 1964. On *July 16, 1964,* the District filed a notice of motion for orders striking petitioners' aforesaid motion, vacating certain orders extending petitioners' time to plead and directing the entry of petitioners' defaults, said motion being also noticed for hearing on July 20, 1964.[2]

On or about *July 24, 1964,* respondent court granted the District's motion and made all orders sought thereby, including an order directing the entry of petitioners' default. Petitioners' subsequent motion to set aside the default and to permit filing of an answer was denied by the court on *September 1, 1964.* On September 11, 1964, respondent court entered an interlocutory judgment of condemnation as to Parcel 84, based upon the entry of petitioners' defaults, and ordering among other things that the District pay into court for the benefit of petitioners the sum of $145, together with interest, in full payment of the interest condemned in petitioners' property and all damages suffered thereby.

On *September 14, 1964,* petitioners filed herein the instant petition. We issued an alternative writ of mandate on *October 9, 1964.*

Code of Civil Procedure section 581a[3] provides in relevant part as follows: ''No action heretofore or hereafter com-

---

[2]On the same day, July 16, 1964, the District filed an ''Amendment of Complaint to Substitute True Names of Fictitiously Named Defendants'' in which it was alleged that the true names of the defendants sued by the fictitious names of Doe One and Doe Two were Robert J. Dresser and Norma E. Dresser, petitioners herein.

[3]Hereafter unless otherwise noted all code references are to the Code of Civil Procedure.

menced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced must be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have issued within one year, and all such actions must be in like manner dismissed, *unless the summons shall be served and return thereon made within three years after the commencement of said action,* except where the parties have filed a stipulation in writing that the time may be extended.'' (Italics added.)

The statute is mandatory and jurisdictional and, as to any action falling within its compass, the court "has power to act only in a certain way, that is, by ordering a dismissal." (*Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169, 172 [105 P.2d 118]; *Modoc Land & Livestock Co.* v. *Superior Court* (1900) 128 Cal. 255, 256-257 [60 P. 848]; *Vrooman* v. *Li Po Tai* (1896) 113 Cal. 302, 304-305 [45 P. 470] (under former § 581, subd. 7); *Palmer* v. *Superior Court* (1961) 192 Cal.App.2d 302, 303-304 [13 Cal.Rptr. 301]; *Carter* v. *Superior Court* (1960) 187 Cal.App.2d 1, 3 [9 Cal.Rptr. 140]; *Lambert* v. *Conrad* (1960) 185 Cal.App.2d 85, 95-97 [8 Cal. Rptr. 56]; *Beckwith* v. *County of Los Angeles* (1955) 132 Cal.App.2d 377, 378-379 [282 P.2d 87]; *Frohman* v. *Bonelli* (1949) 91 Cal.App.2d 285, 287 [204 P.2d 890]; *City of San Jose* v. *Wilcox* (1944) 62 Cal.App.2d 224, 226-227 [144 P.2d 636]; *Cook* v. *Justice's Court* (1936) 16 Cal.App.2d 745, 748 [61 P.2d 357]; *Pearson* v. *Superior Court* (1932) 122 Cal. App. 571, 574-575 [10 P.2d 489].)

In the instant case, as we have already pointed out, summons was not served on petitioners within the three-year period. The parties filed no stipulation in writing extending the statutory period. No contention is made that petitioners made a general appearance by answer, demurrer or written notice of appearance (see § 1014); or that the securing by petitioners of stipulations and orders extending time to plead constituted a general appearance within the exception of the statute, as it indeed could not be contended (*Vrooman* v. *Li Po Tai, supra,* 113 Cal. 302, 305; *Davenport* v. *Superior Court* (1920) 183 Cal. 506, 509-510 [191 P.2d 911]; *Chilcote* v. *Pacific Air Transport* (1937) 24 Cal.App.2d 32, 35 [74 P.2d 300]); or that failure to serve summons on petitioners re-

sulted from their absence from the state or their having secreted themselves within the state.[4]

Real party in interest (District) contends that a writ of mandate is not available to petitioners in the instant case. It is urged that such writ will issue only to compel performance of a *duty* on the petition of a *party beneficially interested* and that petitioners have not shown a sufficient beneficial interest to warrant "the extraordinary relief of mandatory dismissal." The point is without merit. The cases referred to by us make clear that where the summons has not been served and return thereon made within the prescribed period, the matter not coming within any of the exceptions to the statute, the action must be dismissed by the court since it has no power to act in any other way. (*Gonsalves* v. *Bank of America, supra,* 16 Cal.2d 169, 172, and other cases, *supra.*) As this court said in *Palmer, supra,* "section 581a clearly provides for a mandatory dismissal, not a dismissal resting in the discretion of the court." (192 Cal.App.2d at p. 303.) The section means what it says. (*Carter* v. *Superior Court, supra,* 187 Cal.App.2d 1, 3.)

Either a writ of mandate to compel dismissal of an action or a writ of prohibition to prevent further proceedings is an appropriate remedy where there is a failure to serve and return the summons within the three-year period prescribed by section 581a (*Carter* v. *Superior Court, supra,* 187 Cal.App.2d 1, 2) as well as where there is a failure to bring an action to trial within the five-year period prescribed by section 583. (*J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 669 [343 P.2d 919]; *Bella Vista Development Co.* v. *Superior Court* (1963) 223 Cal.App.2d 603, 607 [36 Cal.Rptr. 106]; 3 Witkin, Cal. Procedure (1954) p. 2569.)

In further support of its above contention, the District directs our attention to *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736, 740-741 [329 P.2d 489], where the court stated that it was "of the view that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable

[4]Section 581a provides for express exceptions to a mandatory dismissal where "general appearance has been made by the defendant or defendants, within said three years in the same manner as if summons had been issued and served" and "as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him."

to the discretion with which it is vested in applying the exceptions to section 583." The reference is obviously to the implied exceptions to section 583 predicated upon the "impossibility" or "impracticability" of bringing an action to trial in compliance with the mandate of the latter section. (See 2 Witkin, Cal. Procedure (1954), pp. 1681-1683.) Assuming in the light of the Supreme Court's observation,[5] that implied exceptions comparable to those under section 583 may be evolved decisionally under section 581a, there is no basis for doing so in the case before us. ▮ It was neither impossible nor impracticable for the District to serve summons upon the owners of Parcel 84 within the three-year period. Indeed it did serve Mr. and Mrs. Comstock but then *dismissed* the action against such defendants, thereby making impossible, upon the alleged sale by the Comstocks to the Dressers, either the continuance of the action in the name of the Comstocks or the substitution of the Dressers for the Comstocks. (§ 385;[6] 18 Cal.Jur.2d, Eminent Domain, § 288, p. 32.) Moreover, it is to be noted that petitioners were served as the persons sued under the fictitious names of Doe One and Doe Two. It must follow that they were being served as defendants who the District alleged "have or claim to have some interest" in the property sought to be condemned *at the time of the commencement of the action* on September 4, 1959. (See *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 599 [15 Cal.Rptr. 817, 364 P.2d 681] and cases there collected.) On this theory, it was incumbent on the District to serve such defendants within the three-year statutory period.

▮ It is also argued on the same point that the writ will not lie because no objection to jurisdiction was made in the trial court. Assuming that such objection was necessary,

[5]In *Wyoming, supra,* the defendant was served one week after the three-year period but was found by the trial court to have been concealing himself to avoid service during the last few days of that period. Thus it would appear that the case actually fell within one of the *express* exceptions of section 581a (see fn. 4, *ante*).

[6]Section 385 provides: "An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

we are satisfied that petitioners interposed it in the instant case when they filed their motion to quash and dismiss.

The District next contends that the trial court had jurisdiction of the subject matter of the condemnation when its complaint was filed and jurisdiction of the persons of petitioners when they were served as defendants sued under fictitious names. ■ As it correctly points out to us, condemnation proceedings in this state are in the nature of actions in rem and the filing of the complaint rather than the issuance of summons, vests the court with jurisdiction *of the subject matter* of the proceedings. (*Harrington* v. *Superior Court* (1924) 194 Cal. 185, 189 [228 P. 15]; *Bayle-Lacoste & Co.* v. *Superior Court* (1941) 46 Cal.App.2d 636, 642 [116 P. 2d 458]; *San Bernardino Valley Municipal Water Dist.* v. *Gage Canal Co.* (1964) 226 Cal.App.2d 206, 210 [37 Cal. Rptr. 856].) ■ But this furnishes no solution to the problem before us. After the court has jurisdiction of the subject matter, due process requirements must be satisfied and the parties whose interests are involved must be brought within the jurisdiction of the court in the manner prescribed by statute or otherwise. (*Harrington* v. *Superior Court, supra,* 194 Cal. 185, 189.) Summons must, as it did here, issue (§ 1245) and "jurisdiction over the person may be acquired by service of process, by consent, by general appearance, or by waiver through a failure to seasonably object." (*Harrington* v. *Superior Court, supra,* 194 Cal. 185, 191.)

Nevertheless the District insists that in personam jurisdiction has attached in the instant case for several reasons. We find none of these reasons convincing. ■ First, it is claimed that section 581a does not compel mandatory dismissal in any case in which title to real property has been transferred pendente lite. This argument is grounded on section 385. (See fn. 6, *ante.*) As previously explained the provisions of this section possibly applicable here presuppose the continuance of the action either in the name of the transferor or in the name of the substituted transferee. Here the action against the transferor having been dismissed by the District, the section never became operative. Secondly, the District argues that the above section is not applicable where it "would thwart other procedural statutes," citing *Taliaferro* v. *Riddle* (1959) 167 Cal.App.2d 567 [334 P.2d 950], or where it "is clearly seen to be inapplicable to special proceedings," citing *Fox Woodsum Lumber Co.* v. *Janes* (1946) 76 Cal.App. 2d 748 [173 P.2d 854] and *Horney* v. *Superior Court* (1948)

83 Cal.App.2d 262 [188 P.2d 552]. These cases do not support the broadly stated propositions for which they are cited and are not here in point. In *Taliaferro, supra,* it was held that the filing of an amended complaint bringing in *new* parties defendant pursuant to order of court marked the date of the commencement of the action against such new parties who were served with summons within three years thereafter. It was held that otherwise section 389 which sanctions and in some cases requires new parties to be brought in would be thwarted if the three-year period prescribed by section 581a commenced at the time of the filing of the original complaint. In the instant action petitioners were not brought in as new parties but were served as original parties. The other two cited cases do not help the District. *Fox Woodsum, supra,* held that section 581a did not apply to the issuance, service and return of summons on a *cross-complaint* since the section was enacted prior to the legislation permitting the bringing in of *new* parties on a cross-complaint. The instant case does not involve the dismissal of such a cross-complaint. *Horney, supra,* held that section 581a did not apply to a will contest since a probate citation was not a summons and hence section 581a was not made applicable to will contests by Probate Code section 1233. As we presently point out, the sections of the Code of Civil Procedure dealing with eminent domain make express provision for the issuance of a summons and expressly make applicable to eminent domain proceedings that part of the code (Part 2) in which section 581a is found. Thirdly, the District argues that since in an eminent domain proceeding process may be directed to unknown and fictitious defendants (§§ 1245, 1245.3, 1246),[7] "Section 581a will not be applied to defeat such statutory authority." The thrust of the argument seems to be that title 7 of part 3 of

[7]Section 1244 provides in relevant part that "[t]he complaint must contain: . . . 2. The names of all owners and claimants, of the property, if known, or a statement that they are unknown, who must be styled defendants; . . ." Section 1245 provides in relevant part that "[t]he clerk must issue a summons, which must contain the names of the parties, . . ." Section 1245.3 provides in relevant part that "the plaintiff may name as defendants, in addition to those persons who appear of record or are known to plaintiff to have or claim an interest in the property, 'all persons unknown claiming any title or interest in or to the property,' naming them in that manner, . . ." Section 1246 provides in relevant part that "[a]ll persons in occupation of, or having or claiming an interest in any of the property described in the complaint, or in the damages for the taking thereof, though not named, may appear, plead, and defend, each in respect to his own property or interest, or that claimed by him, in like manner as if named in the complaint."

78

the code (§§1237-1266.2) contains full and sufficient procedural provisions for eminent domain actions and evinces a legislative intent that the court should retain jurisdiction over the property sought to be condemned even though the parties defendant "may change or be in dispute or even be unknown. . . ." ■ In a word, the District's thesis is that eminent domain proceedings are not subject to the dismissal statutes applicable to other actions and presumably can be continued *in perpetuum* at the whim of the condemner. The District refers us to no authority supportive of this position nor have we found any. On the contrary section 1256 which is found in title 7 plainly incorporates by reference section 581a and makes it applicable to eminent domain proceedings.[8] This is also an answer to the District's claim that decisions concerning general civil actions are not controlling in the "specialized proceedings" of eminent domain.

■ The third main contention made by the District is that the petitioners actually made a general appearance in the court below. The basis of this contention is that petitioners attacked *the subject matter jurisdiction* of the court below upon theories that the dismissal of the action as to the Comstocks "resulted in loss of jurisdiction *of the action*," that the defects in the *lis pendens* heretofore pointed out were so fatal as to prevent the court from acquiring jurisdiction and that the failure to file supplemental pleadings divested the court of jurisdiction. This attack, says the District, constituted a general appearance in the light of the rule that such a result occurs when a party appears and asks for any relief which could be given only to a party in a pending case. (*Judson* v. *Superior Court* (1942) 21 Cal.2d 11, 13 [129 P.2d 361]; *Olcese* v. *Justice's Court* (1909) 156 Cal. 82, 87 [103 P. 317].) We do not agree. Petitioners in the instant case moved the trial court "for its Order to Quash & Dismiss on behalf of said named Defendants." It is clear from their notice of motion and supporting affidavit that they were grounding the motion on section 581a. That section provides: "A motion to dismiss pursuant to the provisions of this section shall not, nor shall any extension of time to plead after such motion, constitute a general appearance." Petitioners' supporting affidavit alleges facts pertinent to their

---

[8]Section 1256 provides: "Except as otherwise provided in this title, the provisions of part two of this code are applicable to and constitute the rules of practice in the proceedings mentioned in this title." Part 2 of the code entitled "Civil Actions" contains § 581a.

acquisition of the property on September 27, 1963, including the recordation of a deed, the absence of a *lis pendens* indexed under the names of the Comstocks, the dismissal of the action against the Comstocks and the absence of any supplemental complaint in the condemnation proceedings. We do not think that such allegations dealing with these background matters derogate from the obvious intent and purpose of the motion which was solely to quash and dismiss.

Finally we reject the District's contention that petitioners had actual notice of the pendency of the condemnation proceedings and are estopped to attack the judgment. Quite apart from the fatal defect in this case consisting of the District's failure to serve summons within the three-year period, the record nowhere supports the claim that petitioners had actual knowledge of the condemnation proceedings when they purchased the property from the Comstocks. It is unnecessary to discuss the cases cited by the District since they are not in point.

Let a peremptory writ of mandate issue commanding the Superior Court of the State of California in and for the County of Contra Costa to vacate and set aside the default and interlocutory judgment of condemnation by default entered against petitioners in Action No. 76290 pending in said court and to dismiss said action as to said petitioners.

Molinari, J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.