[Civ. No. 27310. First Dist., Div. One. Dec. 17, 1969.]

JOSEPH BERNSTEIN et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY
OF SAN FRANCISCO, Respondent;
WILLIAM J. STEWART, Real Party in Interest.

COUNSEL

Hassard, Bonnington, Rogers & Huber and Nello J. Prato for Petitioners.

No appearance for Respondent.

Williams, Herndon & Van Hoesen, Williams, Van Hoesen & Brigham and Charles A. Brigham for Real Party in Interest.

OPINION

**ELKINGTON, J.** — We have issued alternative writs of mandate and

prohibition by means of which the petitioners, in effect, seek to compel dismissal of an action commenced against them, for failure (1) to serve and return summons within three years as required by Code of Civil Procedure section 581a, and (2) to bring the action to trial within two years (Code Civ. Proc., § 583). The superior court had denied a motion to dismiss taken under the authority of those code sections.

We first consider the proceedings as they relate to the failure to serve and return summons within three years.

Code of Civil Procedure section 581a provides, as pertinent here, "All actions, heretofore or hereafter commenced, must be dismissed by the court . . . on its own motion, or on the motion of any party interested therein, . . . unless the summons. shall be served and return thereon made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended. But all such actions may be prosecuted, if general appearance has been made by the defendant or defendants, within said three years . . .; provided, that, . . . no dismissal shall be had under this section as to any defendant because of the failure to serve summons on him during his absence from the State, or while he has secreted himself within the State to prevent the service of summons on him."

The record discloses the following. Real party in interest William J. Stewart commenced a medical malpractice action against petitioner physicians on August 1, 1966. Summons was served on petitioners on July 9, 1969. Summons was returned (filed in the action with proof of service) on August 25, 1969, more than three years after the commencement of the action.

■ It does not appear (1) that any party stipulated in writing that the time may be extended, or (2) that either petitioner generally appeared in the action within three years of its commencement, or (3) that summons was not served on either petitioner because of his absence from the state or while he secreted himself within the state to prevent the service of summons on him. The burden of establishing any of the foregoing exceptions, of course, rested upon the plaintiff, real party in interest.

It thus appears that summons in the instant action has not been served *and returned* within three years from its commencement, and that none of the exceptions of section 581a are applicable.

■ In a case coming within its terms, as the instant case clearly does, the dismissal provisions of section 581a are *mandatory* and *jurisdictional* (*Gonsalves* v. *Bank of America,* 16 Cal.2d 169, 172 [105 P.2d 118]; *Black Bros. Co.* v. *Superior Court,* 265 Cal.App.2d 501, 505 [71 Cal.Rptr. 344],

hear. den.; *Dresser* v. *Superior Court,* 231 Cal.App.2d 68, 73 [41 Cal. Rptr. 473]; 2 Witkin, Cal. Procedure (1954) p. 1667); the court had no discretion, it may only dismiss (*Dresser* v. *Superior Court, supra,* p. 73; *Palmer* v. *Superior Court,* 192 Cal.App.2d 302, 303-304 [13 Cal.Rptr. 301]).

 Even though, as here, the summons has been served within the three-year period, *if it has not been returned,* i.e., filed with the clerk (*Lambert* v. *Conrad,* 185 Cal.App.2d 85, 89 [8 Cal.Rptr. 56], hear. den.), and the defendant's appearance or other exception is not made out, the mandatory dismissal provision of section 581a nevertheless applies (*Carter* v. *Superior Court,* 187 Cal.App.2d 1, 3 [9 Cal.Rptr. 140], hear. den., and see authority there cited; *Lambert* v. *Conrad, supra,* pp. 89-90, and see authority there cited).

We are not persuaded by the suggestion of the real party in interest that the case of *Wyoming Pac. Oil Co.* v. *Preston,* 50 Cal.2d 736 [329 P.2d 489], modifies the mandatory nature of the statute here under discussion. *Wyoming,* page 740, reiterates the court's "duty" to dismiss an action when the required facts of section 581a, and none of its exceptions, exist; it speaks of the statute as being "a mandatory provision for dismissal."

The court in *Wyoming* (pp. 740-741) does express "the view that notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to [the mandatory five-year dismissal provisions of] section 583." The court had previously announced as *implied exceptions* to the strict operation of section 583: " 'where, for all practical purposes, going to trial would be impossible, whether this was because of total lack of jurisdiction in the strict sense, or because proceeding to trial would be both impracticable and futile.' " (*Rose* v. *Knapp,* 38 Cal.2d 114, 117 [237 P.2d 981].) Although not too obvious, these exceptions (assuming jurisdiction) as applied to section 581a, would seem to mean that where service and return of summons within three years would be "both impracticable and futile," the superior court in its discretion might excuse the delay.

It is noted that the application of the implied exceptions of section 583 to section 581a was unnecessary to the result reached by the court in *Wyoming* —setting aside a superior court dismissal. There the lower court had expressly found on substantial evidence that the defendant had secreted himself within the state to prevent service of summons, an *express* exception to the operation of section 581a. "It has been suggested that the language in *Wyoming* . . . equating sections 581a and 583 is dictum . . . ." (*Flamer* v.

*Superior Court,* 266 Cal.App.2d 907, 913 [72 Cal.Rptr. 561]; see also *Dresser* v. *Superior Court, supra,* 231 Cal.App.2d 68, 75 (fn. 5); Witkin, Cal. Procedure (1967 Supp.) p. 597.)

Since the decision of *Wyoming* the following cases have commented on the effect of section 581a: *Highlands Inn, Inc.* v. *Gurries,* 276 Cal.App.2d 694, 697 [81 Cal.Rptr. 273]: "The statute is mandatory and jurisdictional . . . so that in a case coming within its terms the court has no authority except to dismiss"; *Black Bros. Co.* v. *Superior Court, supra,* 265 Cal.App. 2d 501, 505, "[M]andatory and jurisdictional . . . in a case coming within its provisions"; *Dresser* v. *Superior Court, supra,* 231 Cal.App.2d 68, 73, "[M]andatory and jurisdictional and, as to any action falling within its compass, the court 'has power to act only in a certain way, that is, by ordering a dismissal' "; *Palmer* v. *Superior Court, supra,* 192 Cal.App.2d 302, 303, 304, "Code of Civil Procedure section 581a clearly provides for a mandatory dismissal, not a dismissal resting in the discretion of the court. . . . '[¶] . . . The trial court had no discretion in the matter. By statutory command it was compelled to dismiss the action' "; *Carter* v. *Superior Court, supra,* 187 Cal.App.2d 1, 3, "It is now too late to argue that the section does not mean what it says when it requires that the summons be returned . . . as well as served within the three years"; *Lambert* v. *Conrad, supra,* 185 Cal.App.2d 85, 95 ,97, " 'The dismissal statute [§ 581a] gives a remedy for delay in prosecution of an action, and makes it *mandatory* upon the court to dismiss it after three years, unless the defendant is absent or has concealed himself. . . .' [¶] '[The court] has power to act only in a certain way, that is, by ordering a dismissal' "; *Muller* v. *Coastside County Water Dist.,* 180 Cal.App.2d 712, 713 [4 Cal.Rptr. 832], "The section [581a] is mandatory and the court can take the action without notice to either party."

We find one other possible implied exception to the strict application of section 581a. In *Flamer* v. *Superior Court, supra,* 266 Cal.App.2d 907, following disbarment of her attorney, the plaintiff was advised by the defendant's insurance company that she need not employ another attorney because her case would be settled. As a result summons was not returned within the three-year period, and her action was dismissed under section 581a. Relying on *Wyoming Pac. Oil Co.* v. *Preston, supra,* 50 Cal.2d 736, the appellate court held (p. 914) that the superior court "erred in not deciding whether an *estoppel* was raised on the facts alleged." (Italics added.)

In the instant case real party in interest Stewart filed his action in propria persona. His only stated excuses for noncompliance with section

581a were his continued ill health and his inability to secure an attorney to handle his case. Indeed, it appears that not until his response to the motion to dismiss the action was he represented by counsel. Assuming that *Wyoming Pac. Oil Co.* v. *Preston, supra,* 50 Cal.2d 736, and *Flamer* v. *Superior Court, supra,* 266 Cal.App.2d 907, create implied exceptions to the "mandatory and jurisdictional" nature of section 581a, no showing was here made that it would be "both impracticable and futile" to serve and return summons within three years, or that any act of the petitioner (defendant) physicians raised an estoppel.

It becomes unnecessary to consider other points raised by petitioners.

Let the peremptory writs of prohibition and mandate issue.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied December 30, 1969, and the petition of the real party in interest for a hearing by the Supreme Court was denied February 11, 1970. Peters, J., was of the opinion that the petition should be granted.